480 P.2d 38

**ARIZONA STATE LIQUOR BOARD, a body politic of the State of Arizona, Appellant,**

v.

**EMPLOYEES DISTRIBUTING COMPANY, dba Basha's, and Charles N. Abraham, Agent, Appellees.**

**No. 1 CA–CIV 1236.**

Court of Appeals of Arizona,
Division 1,
Department A.

Feb. 2, 1971.

Rehearing Denied March 3, 1971.

Review Denied April 20, 1971.

---

3.  State ex rel. Andrews v. Superior Court, 39 Ariz. 242, 5 P.2d 192 (1931).

Gary K. Nelson, Atty. Gen., by Malcolm P. Strohson, Asst. Atty. Gen., for appellant.

Smoker & Paris, by Marion R. Smoker, Scottsdale, for appellees.

STEVENS, Presiding Judge.

The State Liquor Board denied the appellee's request for a location-to-location transfer of a number nine liquor license within the City of Phoenix, County of Maricopa, State of Arizona. The appellee filed a timely appeal to the Superior Court. The Superior Court reversed the State Liquor Board and directed that the location-to-location transfer be granted. The State Liquor Board then appealed the Superior Court judgment to this Court.

Liquor licenses are described by number. A number six license authorizes the consumption of all types of alcoholic beverages on the premises as well as the sale of beverages in their containers for off-premises consumption. A number nine license authorizes the sale of all types of alcoholic beverages in their containers for off-premises consumption. In this matter there is no issue as to the qualifications of the owner of the license and the transfer is purely a location-to-location request. In Lugo v. Moore, 11 Ariz.App. 85, 462 P.2d 102 (1969), (review denied), this Court traced some of the historical background of liquor license legislation and this need not be repeated. The case with which we are now concerned is governed by the Arizona statutes as they existed pursuant to the 1967 amendments.

The desired new location is a supermarket owned and operated by Basha's. It is the only one of Basha's 17 market outlets which does not have a liquor department. The store is located in a shopping center and the store was opened in 1967.

In 1967 the appellee requested the same location-to-location transfer of the same license. The matter was not favorably considered and on appeal to the Superior Court the denial of the transfer was affirmed. A.R.S. § 4–208 provides:

> "The board shall not accept an application nor issue a license to sell or deal in spirituous liquors at a location for which a prior application has been rejected until twelve months after the date of the prior rejection."

More than a year expired before the present application was filed. The fact of the 1967 rejection of the application was brought to the attention of the State Liquor Board. The appellee acknowledged this fact and set out to establish changed conditions. There is some argument that the State Liquor Board considered the 1967 refusal as a *res judicata* situation. We can find no evidence to that effect in the record. Both the proponent and the principal opponent of the transfer testified as to the increased business activity and as to the growth in the area.

The City of Phoenix recommended against the transfer. There were more persons who signed petitions favoring the transfer than those who signed petitions in opposition to the transfer.

The principal opposition was presented by Mr. John Barr, the owner of Kelly's Liquor Store. He holds a number nine license and the sale of alcoholic beverages is his principal business together with such incidentals as may customarily be found in a liquor store. Kelly's entrance is 40 feet from Basha's entrance. There was evidence as to the existence and location of number six licenses and number nine licenses in the general area.

The State Liquor Board denied the transfer, the letter of advice stating:

> "Disapproval indicates that you did not illustrate to the satisfaction of the Board that the public convenience requires or that the best interest of the community will be substantially served by such an issuance."

A.R.S. § 4–203 reads in part as follows: "A. The board shall issue a spirituous liquor license only after satisfactory showing * * * that the public convenience required and that the best interest of the community will be substantially served by the issuance. (The omitted portion relates to the qualifications of the applicant, a matter not in issue.)

\* \* \* \* \* \*

"C. A spirituous liquor license shall be transferable as to any permitted location within the same county, provided such transfer meets the requirements of an original application * * *."

The appellee appealed to the Maricopa County Superior Court alleging the statutory grounds set forth in A.R.S. § 4–211, subsec. A.[1] The authority of the Superior Court on appeal is set forth in A.R.S. § 4–211, subsec. C, which in part is as follows:

"C. The court shall review the hearing without a jury on the basis of the transcript and exhibits, * * *. The court may affirm the decision of the board, remand the matter for further proceedings before the board, or reverse or modify the decision if it finds that the objection of the person aggrieved is well taken on any of the grounds stated."

In its judgment, the trial court recited:

" \* \* \* the Court finds that the evidence adduced was sufficient to justify the granting of Plaintiff-Appellant's application."

This finding is not one of the statutory grounds for appeal. In reviewing the record, this Court agrees with the trial court that "the evidence adduced was sufficient to justify the granting of Plaintiff-Appellant's application."

However, on appeal to the Superior Court these matters are no longer trials *de novo*. As we stated in Lugo:

" \* \* \* the test under the present A.R.S. § 4–203, subsec. A is stated to be 'that the public convenience required *and* that the best interest of the community will be substantially served.' (Emphasis supplied.) In each instance there must be a 'satisfactory showing,' and this requirement calls for the exercise of sound judgment by the fact finding agency." 11 Ariz.App. at 86, 87, 462 P.2d at 103, 104.

We further stated:

"On timely appeal to this Court we have reviewed the record using as our guidelines the guidelines given to the Superior Court by A.R.S. § 4–211, subsec. C heretofore quoted." 11 Ariz.App. at 91, 462 P.2d at 108.

We are unable to affirm the Superior Court in that we are unable to find in the record that degree of error in the State Board which would justify a reversal under A.R.S. § 4–211, subsecs. A and C. The record appears to reflect sufficient facts upon which the State Liquor Board could exercise its statutory discretion in denying the transfer.

It is urged that the trial court erred in its rulings on John Barr's request to intervene. In view of our decision herein, the error, if any, was harmless.

The judgment of the Superior Court is reversed and the State Liquor Board's refusal to approve the location-to-location transfer is affirmed.

DONOFRIO, J., and MORRIS ROZAR, Superior Court Judge, concur.

1. This section authorizes on appeal to the Superior Court, " \* \* \* on one or more of the following grounds that the order was:
   1. Founded on or contained error of law which shall specifically include error of construction or application of any pertinent rules;
   2. Unsupported by any competent evidence as disclosed by the entire record;
   3. Materially affected by unlawful procedure;
   4. Based on violation of any constitutional provision; or
   5. Arbitrary or capricious."

**18**

NOTE: The Honorable JAMES DUKE CAMERON was a member of Department A of this Court at the time the appeal was argued. He requested that he be relieved in this cause and The Honorable MORRIS ROZAR, a Judge of the Superior Court, was called to sit in his stead.