497 P.2d 824

**Irene E. PATULA, Intervenor-Appellant,**
**and**
**Arizona State Liquor Board, a body politic**
**of the State of Arizona, Appellant,**

**v.**

**The CIRCLE K CORPORATION, a corpora-**
**tion, and John A. Gillett, Agent,**
**Appellees.**

**No. 1 CA–CIV 1742.**

Court of Appeals of Arizona,
Division 1,
Department A.

June 8, 1972.

Carmichael, McClue & Stephens, P. C. by M. Jeremy Toles, Phoenix, for Irene E. Patula, intervenor-appellant.

Gary K. Nelson, Atty. Gen. by Stirley Newell Cantor, Asst. Atty. Gen., for the Arizona State Liquor Bd., appellant.

Rawlins, Ellis, Burrus & Kiewit by H. J. Lewkowitz and Edward O. Burke, Phoenix, for appellees.

STEVENS, Presiding Judge.

These appeals are from a Superior Court judgment entered after a judicial review of the action of the Arizona State Liquor Board, herein referred to as the Board. The Board denied an application for a No. 10 license, the off-sale retailer's license to sell beer and wine. On the appeal to the Superior Court from the decision of the Board, the Superior Court reversed the Board and directed that the license be issued. This Court is called upon to review the judgment of the Superior Court.

The Circle K Corporation, herein referred to as Circle K, acquired an option to buy a piece of land at 6440 West Van Buren Street in the City of Phoenix. It proposed to build a typical Circle K convenience market and together with its agent, one of the appellees herein, Circle K applied to the Board for the issuance of a No. 10 license.

One of the procedural steps was a hearing before the City Council of the City of Phoenix. The proper notice by posting was given pursuant to A.R.S. § 4–201, subsec. B. This section provides in part that: "Written arguments in favor or opposed" to the application may be filed "with the Clerk (of the City) within twenty days after the date of posting. *No arguments shall be filed or accepted thereafter.*" (Emphasis added). Written arguments were filed both in favor and opposed to the granting of the license. The official count of the City Clerk discloses 151 signatures in favor of the application of which number 146 were declared to be valid and 190 signatures in opposition to the application of which 126 were declared to be valid.

Irene E. Patula, who intervened in the Superior Court action and is herein referred to as the intervenor, was at all times active in her opposition to the granting of the license. She owns a small store directly across West Van Buren Street from the proposed new Circle K location. In her store she sells a variety of items including groceries and including beer and wine. She holds a No. 10 license authorizing the sale of beer and wine.

At the hearing before the City Council, Circle K appeared by its counsel and the intervenor appeared by her counsel. There were an unidentified number of persons present in the Council Chambers in opposition to the application. At the conclusion of the City Council hearing, the Council voted 4 to 1 to recommend disapproval of the application.

The action of the City Council together with the written arguments for and against the application were forwarded to the Board pursuant to A.R.S. § 4–201, subsec. C. The Board set a day certain for the hearing. Prior to that date the intervenor secured and filed with the Board an estimated 434 additional signatures to a written argument against the granting of the license. These signatures were not audited and it was not established as to how many

met the requirements of A.R.S. § 4–201, subsec. B.

At the hearing before the Board, Circle K presented two witnesses who testified as to the nature of the Circle K business, as to the traffic count, as to the then population in the area and as to the projected population. The testimony also established that in the convenience outlets operated by Circle K the sales of beer and wine were approximately 21% of the gross sales. Circle K indicated that it might not build on the site covered by its option if the application for the No. 10 license was not granted. There is a safeguard in the statutes in that if the license had been granted and had not been used within 6 months it would have been subject to reverting to the State. A.R.S. § 4–203, subsec. F.

The intervenor testified that she had been in business at her location since 1945, that she had held a No. 10 license since 1950, that her annual income from her store was slightly less than $5,000.00 a year, that about one-third of this income was derived from the sale of beer and wine, that the call for beer and wine had never been so great that she found herself in short supply, and that her main basis for her opposition was the potential competition which the new Circle K outlet would offer. The record does not disclose whether it was the competition from the sale of beer and wine or the competition from the sale of grocery items or a combination of both.

There was evidence of the existence of an establishment nearby holding a No. 8 license which permitted the sale of beer and wine for both consumption on the premises and sale in containers for off-premises use.

Circle K objected to the consideration of any written arguments other than those presented to the City Council. Circle K urges that the intervenor's opposition based upon competition was not appropriate for the Board's consideration.

In the granting of a new license A.R.S. § 4–203, subsec. A mandates that:

"A. The board shall issue a spirituous liquor license only after *satisfactory showing* * * * that the public convenience required and that the best interest of the community will be substantially served by the issuance." (Emphasis added).

Shortly after the conclusion of the hearing the Board advised Circle K that the application was denied for the reason that:

"The public convenience does not require, nor would the best interest of the Community be served by the issuance of this license."

Circle K perfected a timely appeal to the Superior Court pursuant to A.R.S. § 4–211, subsec. A.[1] Mrs. Patula intervened in the Superior Court action. The appeal alleged each of the statutory grounds for appeal. The record before the Board was presented to the Superior Court without any additional testimony and the Superior Court entertained arguments and briefs pursuant to A.R.S. § 4–211, subsec. C. The Court of Appeals on this appeal reviews the identical record. The power of the Superior Court in entertaining an appeal from the Board is set forth in the last cited section as follows:

"The court may affirm the decision of the board, remand the matter for further proceedings before the board, or reverse

1. A. Any decision of the board in any matter shall be final, unless any person aggrieved or a city, town or county, within thirty days after receiving notice of the decision of the board, appeals to the superior court of the county in which the licensed premises are located, on one or more of the following grounds that the order was:
1. Founded on or contained error of law which shall specifically include error

of construction or application of any pertinent rules;
2. Unsupported by any competent evidence as disclosed by the entire record;
3. Materially affected by unlawful procedure;
4. Based on violation of any constitutional provision; or
5. Arbitrary or capricious.

or modify the decision if it finds that the objection of the person aggrieved is well taken on any of the grounds stated."

In its judgment reversing the Board and directing the issuance of the No. 10 license the trial court found that the decision of the Board:

"a) was unsupported by any competent evidence as disclosed by the entire record;

"b) was founded upon an error of law in that the effect of added completition (sic) to an existing licensee in the area was the Board's main concern;

"c) that it was materially affected by unlawful procedure in that petitions were received by the Board after the 20-day posting period provided by A.R.S. § 4–201(B), as amended;

"d) that the failure to issue a Series No. 10 License based upon the evidence presented to it amounts to an arbitrary and capricious determination by the Board."

The intervenor and the Board perfected their appeals to this Court.

This Court has given its attention to liquor license appeals in City of Phoenix v. Superior Court, 6 Ariz.App. 327, 432 P.2d 471 (1967); Lugo v. Moore, 11 Ariz.App. 85, 462 P.2d 102 (1969) and Arizona State Liquor Board v. Employees Distributing Company, 14 Ariz.App. 15, 480 P.2d 38 (1971). In the last two cases we pointed out that the test which A.R.S. § 4–203, subsec. A sets forth for the granting of a license, namely a "satisfactory showing" and "that the public convenience required and that the best interest of the community will be substantially served by the issuance" calls for the exercise of sound discretion by the Board. We further stated:

" 'On timely appeal to this Court we have reviewed the record using as our guidelines the guidelines given to the Superior Court by A.R.S. § 4–211, subsec. C heretofore quoted.' " 14 Ariz.App. at 17, 480 P.2d at 40.

We are unable to agree that the record sustains finding (a) included in the trial court's hereinbefore quoted judgment.

We are unable to find support for finding (b) in the record. We cannot find wherein it was established that the matter of "competition" was "the Board's main concern." We agree with Circle K that the sale of liquor and its regulation is not governed by the same principles which govern regulated monopolies. Stanton v. Superior Court, 55 Ariz. 514, 103 P.2d 952 (1940). At the same time it is appropriate for the Board to examine into the question of existing licenses in the area, the extent of sales, the extent of demand and other factors to enable it to reach its decision as to whether the new license will satisfy the requirement "that the public convenience required and that the best interest of the community will be substantially served by the issuance."

We agree with finding (c). There is provision for the taking of evidence before the Board. The sole provision for written arguments for and against a liquor application is found in A.R.S. § 4–201, subsec. B in relation to the hearing before the local governmental body concerned. The admonition "no arguments shall be filed or accepted thereafter" is one of significance. While we agree with Circle K's position that the written arguments which were not presented to the City of Phoenix may not be considered by the Board, the record is not such that we can reverse the Board to the extent of directing that the license be issued. There remain matters for the exercise of the Board's judgment and discretion. We faced this similar issue in the Arizona State Liquor Board case hereinbefore cited. There is evidence upon which the Board might have found either way. It is not unrealistic to project future population growth and future potential business based upon sound business experience and judgment.

We do not agree that the record established finding (d) of the trial court.

This cause is reversed with directions to the trial court to vacate the Board's order denying the Circle K application and to remand the application for further proceedings before the Board pursuant to A.R.S. § 4–211, subsec. C. The Board will not consider written arguments which were not filed with the City Council. The Board will conduct a new hearing and may reevaluate the application based upon the proof as to the conditions existing as of the date of the new hearing. This opinion does not foreclose the personal appearance of qualified witnesses before the Board in support of or in opposition to the application.

The issuance of the mandate in connection with this opinion will constitute a directive to comply with this opinion.

This cause is reversed with instructions.

CASE and DONOFRIO, JJ., concur.