511 P.2d 179

**ARIZONA STATE LIQUOR BOARD, a body politic of the State of Arizona, and Richard H. Smith, George Gavin and Lee Little, members of the Board, Appellants,**

v.

**Edward C. JACOBS, Appellee.**

**No. 2 CA–CIV 1397.**

Court of Appeals of Arizona,
Division No. 2.

June 26, 1973.

Rehearing Denied July 25, 1973.

Gary K. Nelson, Atty. Gen., Phoenix, by Stirley Newell Cantor, Nicholas C. Guttilla and John S. O'Dowd, Asst. Attys. Gen., Tucson, for appellants.

Bilby, Thompson, Shoenhair & Warnock, by W. E. Dolph, Jr., Tucson, for appellee.

KRUCKER, Judge.

This appeal involves transfer of a Series 6 liquor license. Appellee Jacobs desired to establish a cocktail lounge at 211 East Broadway, Tucson, Arizona. Approval of his application for a person-to-person and location-to-location transfer was recommended by the Mayor and City Council of Tucson, pursuant to A.R.S. § 4–201, subsec. C, as amended. Subsequently, the only matter in issue was the suitability of the location for a Series 6 liquor license.

On November 4, 1971, Col. Harold Moore, Superintendent of the Department of Liquor Licenses and Control, as the designated representative of the State Liquor Board, held a hearing on the transfer application and in a letter of November 8, 1971, informed Jacobs that the request had been denied. Jacobs appealed this ruling to the State Liquor Board, which, after a hearing, also denied the transfer on November 19, 1971. Jacobs appealed this decision to the Pima County Superior Court, which remanded the matter to the State Liquor Board for consideration solely of the evidence adduced at the November 19, 1971 hearing. The reason given by the court was that the Board's decision had been arbitrary and capricious because facts not in evidence were considered by the Board.

On remand no new evidence was presented and the Board again denied the application. Jacobs again appealed to the superior court, which reversed the Board and granted the transfer. This appeal followed.

Additional pertinent facts are that at the time of application for the transfer there were 36 retail liquor licenses within a one-half mile radius of the proposed location, 17 of which were Series 6. The proposed location was between two bus stations and near the new Martin Luther King apartments for the elderly. Appellee planned to draw a large part of his clientele from the bus passengers since neither station had a cocktail lounge. The maximum capacity of his proposed cocktail lounge was 80 to 90 people. Over 220 people expressed support for the transfer and 66 their disapproval. The Greyhound bus terminal manager originally expressed disapproval, but subsequently withdrew his opposition.

The principal opposition was from Mr. Maxwell Powell, who owned the El Presidio Bar across the street from applicant's proposed location. He held a No. 6 license for his bar and appeared at the hearings before the superintendent and the State Liquor Board to oppose Jacobs' transfer application.

In 1969 the Mayor and Council of Tucson had disapproved a liquor license for the same location. Appellee testified that since that time the depressed area (around 211 East Broadway) had become rejuven-

ated by the addition of the apartments for the elderly and the two bus stations.

▮ In its judgment reversing the State Liquor Board, the trial court stated:

" . . . The Court finds by overwhelming evidence that the public convenience requires and the best interest of the community will be substantially served by the transfer of said license. . . ."

This is not one of the statutory grounds for appeal in A.R.S. § 4–211, subsec A, as amended.[1] However, if the trial court reaches the right result but for the wrong reason, its decision will not be overturned. In re Sherrill's Estate, 92 Ariz. 39, 373 P. 2d 353 (1962); Magma Flood Control District v. Palmer, 4 Ariz.App. 137, 418 P.2d 157 (1966). We must use as our guidelines those given to the superior court in A.R.S. § 4–211, subsec. C, as amended.[2] Patula v. Circle K Corporation, 17 Ariz. App. 317, 497 P.2d 824 (1972).

▮ To meet the requirements for approval of a location-to-location transfer, there must be a "satisfactory showing . . . . that the public convenience required and that the best interest of the community will be substantially served by the issuance" of the license. A.R.S. § 4–203, subsec. A. as amended. Among other things, it was appropriate for the State Li-

quor Board to consider the number of existing licenses in the area, the extent of liquor sales, and the extent of demand in the area. Patula v. Circle K Corp., supra.

Appellee's brief challenges the evidence regarding the alleged saturation of the downtown area with liquor licenses by pointing out that there were only "two decent No. 6 bars open to the public within a comfortable walking distance of 211 East Broadway." With regard to the demand, he indicated that those two bars could not handle the number of people who frequent the area and those who expressed support for the transfer. According to Mr. Powell, however, only six or seven people from the nearby Martin Luther King apartment building, which has 96 units, expressed approval.

▮ The trial court also based its reversal of the State Board on the ground that there was no competent evidence to justify its decision, as required by A.R.S. § 4–211, as amended, supra.

In a case very similar to the instant one, Arizona State Liquor Board v. Employee's Distributing Co., 14 Ariz.App. 15, 480 P.2d 38 (1971), the superior court reversed the State Liquor Board's denial of a location-to-location transfer on the ground that " . . . the evidence adduced was sufficient to justify the granting of plaintiff-appellant's application." The appellate

1. A.R.S. § 4–211, subsec. A, as amended, states:

"A. Any decision of the board in any matter shall be final, unless any person aggrieved or a city, town or county, within thirty days after receiving notice of the decision of the board, appeals to the superior court of the county in which the licensed premises are located, on one or more of the following grounds that the order was:

1. Founded on or contained error of law which shall specifically include error of construction or application of any pertinent rules;

2. Unsupported by any competent evidence as disclosed by the entire record;

3. Materially affected by unlawful procedure;

4. Based on violation of any constitutional provision; or
5. Arbitrary or capricious."

2. A.R.S. § 4–211, subsec. C, as amended, states:
"C. The court shall review the hearing without a jury on the basis of the transcript and exhibits, except that in case of alleged irregularity in procedure by the board not shown by the transcript, the court may order testimony to be given thereon. The court shall upon request by either party hear oral arguments and receive written briefs. The court may affirm the decision of the board, remand the matter for further proceedings before the board, or reverse or modify the decision if it finds that the objection of the person aggrieved is well taken on any of the grounds stated. . . ."

court reversed the superior court, however, because ". . . [t]he record appear-[ed] to reflect sufficient facts upon which the State Liquor Board could exercise its statutory discretion in denying the transfer." As appellee properly points out in his brief, the rule of *Employee's Distributing Co.*, supra, is that ". . . if there is evidence which would justify a transfer and there is also evidence which would justify a denial of an application to transfer, the Board's decision either way cannot be disturbed on appeal." Appellee argues that there is no such evidence, or if there is, only a scintilla of evidence. With this we do not agree. Although reasonable minds might differ as to the weight to be given to the evidence, there was sufficient evidentiary support for the Board's decision. Much of the evidence in appellee's favor was in the form of Jacobs' testimony. The trier of fact, however, is not bound to accept as true testimony of an interested party even if it is uncontradicted. Graham v. Vegetable Oil Products Co., 1 Ariz.App. 237, 401 P.2d 242 (1965).

Appellee challenges the seven items of evidence relied upon by appellants as supporting the Board's denial. These concern the question of whether the proposed location was in a depressed area, the saturation of the area with existing liquor licenses, the proximity of the railroad reserve and the Broadway underpass, the attitude and number of persons living in the nearby apartments for the elderly, the significance to be attached to the signatures in opposition and in favor, and whether any of the expected number of people frequenting the area would use the bar.

■ The State Liquor Board, however, as an administrative agency, is the sole judge of the weight to be given each item of evidence. Cf., Leeds v. Gray et al., 109 Cal.App.2d 874, 242 P.2d 48 (1952); 73 C. J.S. Pub. Adm. Bodies and Proc. § 225. Judicial review is limited to the inquiry as to whether there was any "competent evidence" to justify the Board's decision. A. R.S. § 4–211, as amended. Our review of the record discloses that there was the requisite evidentiary support.

The third basis for the trial court's ruling was that the State Board had acted arbitrarily and capriciously in denying the application. As noted above, appellee's first appeal to the superior court resulted in remand to the Board. The Board was directed to disregard the:

". . . reasons expressed at the conclusion of the hearing before the Board on November 19, 1971, which indicated that their votes were not predicated upon facts not adduced in evidence at the hearing and, as a consequence, the decision of the Arizona State Liquor Board, one member dissenting, was arbitrary and capricious, [and to render] a decision predicated solely upon the evidence adduced at the hearing of November 19, 1971."

On June 6, 1972, Col. Moore forwarded to each Board member the "total transcript." The next day he sent a letter to the Board members indicating that two pages of the transcript should be disregarded and that Board member Little's remarks should not be given deference because he lived in Tucson. In addition, the attorneys for Jacobs and the Board agreed to certain deletions.

Midway through the rehearing on June 22, 1972 Mr. Little indicated that he just then realized he was to disregard certain information brought out at the prior hearing. There was some confusion among Board members and attorneys present as to precisely what was to be disregarded. After some discussion there was agreement that phone calls Mr. Little had received in opposition to the transfer should be ignored as well as Mr. Little's remarks concerning the character of the location or people who frequented it. It was never resolved exactly how much and what kind of significance could be accorded a prior Tucson City Council's denial of a license to another applicant for the same location. However, Mr. Smith, who was most concerned about the apparent inconsistency of

this denial with the Council's approval of Jacobs' application, stated at the conclusion of the hearing that his reason for the denial was the existing saturation of the area with liquor licenses. Mr. Little, although belatedly made aware of the trial court's instructions, did indicate that he was basing his decision on the evidence in the record which he was allowed to consider.

A recent California decision concerning liquor licenses has discussed "arbitrary and capricious" action by an administrative body. In Kirby v. Alcoholic Beverage Control Appeals Board, 261 Cal.App.2d 119, 67 Cal.Rptr. 628, 630 (1968), the court, quoting from another case, stated:

> ". . . the court determines whether or not the Department [of Alcoholic Beverage Control] acted arbitrarily in making its decision; if the decision is *without reason under the evidence* the action of the Department is arbitrary, constitutes an abuse of discretion, and may be set aside; but where the decision is the subject of a *choice within reason,* the Department is vested with the discretion of making the selection which it deems proper, its action is within the scope of a valid exercise of the constitutionally conferred discretion, and the court may not interfere therewith. . . ." (Emphasis added)

 Where an administrative body has not acted arbitrarily or capriciously, the superior court cannot substitute its own conclusion. Arizona Board of Regents v. Superior Court, 106 Ariz. 430, 477 P.2d 520 (1970). Just as the courts cannot sit as super zoning boards, Rubi v. 49'er Country Club Estates, Inc., 7 Ariz.App. 408, 440 P.2d 44 (1968), nor as a super school board, Kelly v. Martin, 16 Ariz.App. 7, 490 P.2d 836 (1971), they cannot sit as a super State Liquor Board.

Since there was evidence in the instant case that would reasonably support the Board's decision, it cannot be said that its action was arbitrary and capricious. For the foregoing reasons, the decision of the trial court is reversed.

HATHAWAY, C. J., and HOWARD, J., concur.