520 P.2d 852

**Lauro GARCIA, Jr., Appellant,**

v.

**ARIZONA STATE LIQUOR BOARD, a body politic, Lee Little, Chairman, Richard H. Smith, Vice Chairman, George Gavin, Member, Harold H. Moore, Superintendent, State Liquor Board, State of Arizona, Guadalupe Men's Club, Manuel Pacheco Mendoza, Agent, Appellees.**

**No. I CA–CIV 2075.**

Court of Appeals of Arizona,
Division 1,
Department A.

April 9, 1974.

Review Denied June 25, 1974.

Leslie L. Miller, P. C. by Leslie L. Miller, Phoenix, for appellant.

H. S. Redeker, Jr., P. C. by H. S. Redeker, Jr., Phoenix, for appellee Guadalupe Men's Club.

Gary K. Nelson, Atty. Gen. by Stirley Newell Cantor, Nicholas C. Guttilla, Asst. Attys. Gen., Phoenix, for appellees.

## OPINION

OGG, Judge.

This is an appeal from a judgment of the superior court affirming a decision of the Arizona State Liquor Board which granted a No. 14 liquor license to the appellee, Guadalupe Men's Club. The license was granted by the Board after a hearing at which both the applicant and the contestants were represented by counsel. The appellant, who lives across 54th Street from the Club building, protested the issuance of the license on his own behalf and on behalf of other objecting residents within a one-half mile radius of the Club.

The appellant presents six questions for review which we will consider individually, supplying the pertinent facts of this matter as they pertain to each question.

Appellant's first assertion is that when an appeal has been filed and is still pending in the superior court, contesting the denial of a liquor license, the State Liquor

Board cannot accept another application for a liquor license at the same location. Appellant's argument here is two-pronged. First, he asserts that because a prior application of the Men's Club was rejected by the Board and then appealed, it was not final and no new applications by the Club could be accepted until it became final. A.R.S. § 4–211, subsec. A. Second, that under A.R.S. § 4–208 the Board cannot accept the Club's application of June 4, 1970 because it was filed before the expiration of the twelve month period set out in that statute.

"§ 4–208. Rejection as to location

The board shall not accept an application nor issue a license to sell or deal in spirituous liquors at a location for which a prior application has been rejected until twelve months after the date of the prior rejection.

As amended Laws 1967, Ch. 133, § 20, eff. July 1, 1967."

In our opinion the Board did not violate the Arizona statutes in accepting the Club's new application.

The record shows that an application of the Men's Club was rejected on April 7, 1969 and was appealed. On June 4, 1970, approximately fourteen months later, another new application for a liquor license was filed by the Club. Then on November 18, 1970 the appeal of the rejected application was withdrawn, making it a final decision. A.R.S. § 4–211, subsec. A. On March 19, 1971 the Board granted the license sought by the June, 1970 application. The appellant argues to this Court that the twelve month period of A.R.S. § 4–208 did not run between the time of withdrawal of the appeal on the prior application and the decision to grant the license on the second application. As we read the statute, the crucial dates are the date of the rejection

of the prior application and the date a subsequent application is filed.

■■■ We hold that for purposes of A.R.S. § 4–208 the twelve month period begins to run, in the words of the statute, at "the date of the prior rejection," i. e. April 7, 1969, and not from the time that the decision became final in November, 1970. Therefore, the June 4, 1970 application was not premature. Here the only proceedings on the June, 1970 application prior to the withdrawal of the appeal of the prior rejection were before the board of supervisors, which acts solely as an investigatory body in the interests of the county and does not make binding determinations on the statutory qualifications of the applicant.

■■■ The appellant next contends that the Board cannot issue a liquor license to a social club when the petition accompanying the application has not been signed by at least fifty-one percent of the dues-paying members, as required by A.R.S. § 4–101, subsec. 4e.[1] The statute sets forth the definition of a social club for purposes of Title 4, Arizona Revised Statutes, and also the prerequisites for such a club seeking a liquor license. In this appeal we are only concerned with the requirement that fifty-one percent of the members sign the petition.

As mentioned above, both the applicant and the contestants were represented by counsel at each stage of the proceedings. When the matter of the sufficiency of the applicant's petitions was considered by the Board, no objection was made by the appellant in regard to a deficiency therein, although from the record it is unclear exactly how many signatures were needed to comprise the required fifty-one percent. The deficiency was pointed out for the first time to the superior court when the matter was there on review.[2]

---

1. A.R.S. § 4–101, subsec. 4e states in part: " . . . At lease [sic] fifty-one percent of the members shall have signified their intention to secure a social club license by personally signing a petition, . . . ."

2. The scope of review of the superior court is limited to a review of the transcript and exhibits of board proceedings and is not a trial de novo. A.R.S. § 4–211, subsec. C.

We hold that in spite of an unclear record as to the total membership at the time of the application, and hence the number of signatures required thereon, the appellant cannot now assert an alleged defect in the application. This question should have been raised before the Board because once the Board has satisfied itself that the applicant has met the statutory requirements and has accepted the application with no objections thereto, an aggrieved party has no remedy outside of A.R.S. § 4–211; such a defect cannot be the basis of a subsequent claim that the Board acted without jurisdiction.

■■ In the present case the appellant sought review by way of A.R.S. § 4–211. The superior court, after reviewing the transcript and exhibits and hearing additional oral testimony, determined that the Board's decision was sound and should be affirmed. We agree. We can find no case and none is cited by appellant which requires an affirmative finding by the Board on every requirement of A.R.S. § 4–101, subsec. 4e. The Arizona Supreme Court has stated in Mayberry v. Duncan, 68 Ariz. 281, 205 P.2d 364 (1949) that substantial compliance with the statute in regard to applications would be sufficient. While the better practice for the Board would be to conduct an examination of the applicant in regard to all statutory prerequisites, we cannot say the Board acted arbitrarily or capriciously in this case. Arizona State Liquor Board v. Jacobs, 20 Ariz.App. 166, 511 P.2d 179 (1973).

■ Appellant next asserts that the evidence presented to the Board on behalf of the applicant failed to show that the applicant was capable and reliable for the purpose of operating with a liquor license. Such a showing is required by A.R.S. § 4–203, subsec. A.

This Court has stated on two recent occasions, both involving decisions of the State Liquor Board, that when there is any competent evidence to support the decision of the Board, it must be upheld—even though an opposite conclusion could also have been reached. Patula v. Circle K Corp., 17 Ariz.App. 317, 497 P.2d 824 (1972); Arizona State Liquor Board v. Employees Distributing Co., 14 Ariz.App. 15, 480 P.2d 38 (1971). We find ample competent evidence in the record to uphold the decision of the Board in regard to the applicant's capability and reliability. Arizona State Liquor Board v. Jacobs, supra.

■ The next contention of the appellant is that the failure of the Board to either approve or disapprove the application within 105 days, as required by A.R.S. § 4–201, subsec. E, renders any later decision thereon void.

This argument cannot be upheld because the purpose of the statutory provision is to protect the applicant and to insure him a decision by the Board within a reasonable time. A party contesting the application before the Board cannot complain upon the Board's failure to take action within the statutory period when he is no way prejudiced by the Board's inaction.

■■ Next, the appellant contends that the decision of the Board was arbitrary and capricious because it was based on a unanimous vote by the entire Board and one of the voting members had neither attended the hearing on the application nor read the transcript of the proceedings. The appellant's argument is basically that there is a duty on the part of each member to consider the evidence presented to the Board at the hearing. Otherwise, any decision of the Board is invalid.

We adopt the position of the appellee that A.R.S. § 4–111, subsec. C requires only a concurrence of a majority of the members of the Board to render their decision valid. Here the remaining two members of the Board voted in favor of approving the application; thus the contested vote can in no way add to or detract from the decision of the majority. If the contested vote is improper it can be disregarded as surplusage without affecting the validity of the Board's decision. Paramount Rock Co. v. County of San Diego, 194 Cal.App.2d 409, 15 Cal.Rptr. 7 (1961);

Prosser v. Seaboard Air Line R. Co., 216 S.C. 33, 56 S.E.2d 591 (1949).

And last, the appellant launches a constitutional attack at A.R.S. § 4–203, subsec. A. specifically that portion excepting private social clubs from meeting the tests of public convenience and best interest of the community.[3] First, the appellant contends that as a matter of state police power the legislature may legislate only for the public welfare and, second, the "exception" clause for private clubs violates both the equal protection clause of the 14th Amendment to the United States Constitution and the Equal Privileges and Immunities section of the Arizona Constitution, Article 2, section 13, A.R.S.

We will not discuss the issue of the appellant's standing to challenge the constitutionality of the statute since the issue is not raised by the parties.

■ Initially, it must be pointed out that when the constitutionality of a state statute involving the regulation and control of liquor is involved we are dealing with an area of law that is unique in a very important sense. The 21st Amendment to the United States Constitution extends to the states the absolute power to prohibit or to limit traffic of intoxicating liquors and associated activities within their own border;[4] therefore, any state statute must be construed with this absolute power in mind. See, Annotation, 34 L.Ed.2d 805 (1974).

■ The United States Supreme Court in State Board of Equalization v. Young's Market Co., 299 U.S. 59, 57 S.Ct. 77, 81 L.Ed. 38 (1936) discussed the power of the states to regulate the liquor industry and activities involving consumption and use of intoxicating liquors in light of the Amendment. The plaintiff in that case asserted that in spite of the Amendment a state could not regulate liquor traffic except in the exercise of its police power to protect the health, safety and morals of its citizens. The Supreme Court rejected this argument, holding that the Amendment is not limited by other constitutional provisions but rather the contrary is true. That is, the states have power to regulate in this field in a manner that would be precluded by other provisions of the Constitution if other commodities or activities were involved. See California v. La Rue, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972) (First Amendment); Indianapolis Brewing Co. v. Liquor Control Comm'n., 305 U.S. 391, 59 S.Ct. 254, 83 L.Ed. 243 (1939) (Due Process Clause); Mahoney v. Joseph Triner Corp., 304 U.S. 401, 58 S.Ct. 952, 82 L.Ed. 1424 (1938) (Equal Protection Clause); State Board of Equalization v. Young's Market Co., supra (Commerce Clause). We do note, however, that the Amendment does not supersede every provision of the United States Constitution in regard to regulation of intoxicating liquors. Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971).

■ The appellant here argues that the equal protection clause of the 14th Amendment is violated by the classification in the statute. We can only state, as the United States Supreme Court did in Mahoney v. Joseph Triner Corp., supra, 304 U.S. at p. 404, 58 S.Ct. at p. 953, that "[A] classification recognized by the Twenty-First Amendment cannot be deemed forbidden by the Fourteenth." This rule applies even though the classification is discriminatory and without any rational basis.

3. A.R.S. § 4–203, subsec. A provides as follows:

"The Board shall issue a spirituous liquor license only after satisfactory showing of the capability, qualifications and reliability of the applicant, and, with the exception of club licensees, that the public convenience required and that the best interest of the community will be substantially served by the issuance."

4. U.S.Const. Amend. XXI, § 2 states:
"Sec. 2. The transportation or importation into any State, Territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited."

In regard to the matter of whether the statute violates Article 2, section 13 of the Arizona Constitution, we recognize that a long line of Arizona Appellate Court decisions holds that Article 2, section 13 only requires that persons similarly situated must be treated alike and that reasonable grounds exist for any classification. Southwest Engineering Co. v. Ernst, 79 Ariz. 403, 291 P.2d 764 (1955); Edwards v. Alhambra Elementary School District, 15 Ariz.App. 293, 488 P.2d 498 (1971). The question in this case may be simply stated: Did the legislature have a reasonable basis for distinguishing between private and public establishments in the liquor licensing statutes? The answer is obviously yes.

A private "club" is defined in A.R.S. § 4–101, subsec. 4 as "any . . . organization[s] where the sale of spirituous liquor for consumption on the premises is made to members only . . ." and the statute then sets forth five types of such clubs. The statute clearly distinguishes the "club" from all other applicants. A.R.S. § 4–203, subsec. A then discriminates in favor of such clubs by excepting them from satisfying the public convenience and best interest of the community standards.

The provisions from which the private clubs are excepted deal solely with the effect of the proposed license on the public as a whole. The private club is not, and should not, be judged by these standards because the premises and the use of the license are available to members only. This alone would supply the legislature with a sufficient basis for the classification.

The judgment of the superior court is affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.