628 P.2d 972

**Joe M. MENDEZ, Holder of Pharmacy Certificate of Registration No. 2359, and Medical Arts Pharmacy Permit No. 274, Plaintiff/Appellant,**

**v.**

**ARIZONA STATE BOARD OF PHARMACY, Defendant/Appellee.**

**2 CA–CIV 3792.**

Court of Appeals of Arizona, Division 2.

April 21, 1981.

John S. O'Dowd, Tucson, for plaintiff/appellant.

Robert K. Corbin, Atty. Gen. by Julia Z. Smock, Asst. Atty. Gen., Phoenix, for defendant/appellee.

## OPINION

HATHAWAY, Chief Judge.

In this appeal we review the actions of appellee Arizona State Board of Pharmacy (board), which after a hearing issued findings of fact, conclusions of law and an order suspending appellant Joe Mendez' pharmacy certificate for one year. Appellant appealed the board's decision to the superior court, which affirmed the board's findings, conclusions and order.

After an investigation by the Department and Public Safety in late 1978, appellant was arrested and his pharmacy records were audited by the board. No criminal charges were filed against appellant, but the audit revealed a number of discrepancies in his records relating to sales of prescription-only drugs and narcotics, violations of state pharmacy statutes and federal regulations dealing with prescription orders, transfer of controlled substances out of the country and inadequate labeling of

drugs. In a 12-count "complaint and notice of hearing," appellant was notified of these charges, which included two alleged instances of sales of prescription-only drugs without medical authorization under a "controlled buy" set up by DPS agents. After a lengthy hearing, the board found that appellant had committed eight of the twelve violations charged in the complaint and issued the order of suspension now before us.

Appellant contends first that he has been denied plenary appeal rights because the board failed to file the entire record of the administrative hearing in this appeal. He also argues that the evidence against him was obtained in violation of his constitutional rights. Regarding the several counts of the complaint, appellant contends that most of the violations were insubstantial and inadvertent, and unsupported by substantial evidence. Finally, he contends the disciplinary action by the board was unreasonably harsh and oppressive.

■ The board admits that it failed to transmit the entire record of the administrative hearing to the trial court for review under the administrative review act, A.R.S. Secs. 12–901, et seq., because many of the exhibits had been inadvertently destroyed. Copies of the majority of the exhibits, which consisted mainly of prescription order forms, were eventually forwarded to the superior court and are part of the record in this court. Despite the fact that some exhibits were not recoverable, appellant has not been deprived of his right of review. Every key exhibit upon which the board based its findings is before us, and we can refer to the entire transcript of testimony for further evidence in reviewing the board's decision.

On appeal, our duty is to search the record to determine whether the evidence is of a substantial nature to support the lower court's decision. The superior court's scope of review is limited to deciding whether the board's decision was illegal, arbitrary or capricious, or involved an abuse of discretion. *Schade v. Arizona State Retirement System*, 109 Ariz. 396, 510 P.2d 42 (1973); *Sundown Imports, Inc. v. Arizona Depart-* *ment of Transportation, Motor Vehicle Division*, 115 Ariz. 428, 565 P.2d 1289 (App. 1977). There is an adequate record before us for review under these standards.

■ Appellant's constitutional argument is based on the fact that his pharmacy records were searched without an administrative search warrant. He contends that such a warrant is required for searches of commercial premises by inspectors or other administrative officers under *See v. City of Seattle*, 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1967). *See* is inapplicable to this case. Where a statutory regulatory scheme specifically authorizes warrantless searches, and such regulatory inspections further an urgent governmental interest, the inspection may proceed without a warrant. *United States v. Biswell*, 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87 (1972); *People v. Sherry Netherland Chemists Corp.*, 77 Misc.2d 529, 354 N.Y.S.2d 536 (1974).

A.R.S. Sec. 32–1964 provides:

"Record of prescription orders; inspections

Every proprietor, manager, or responsible pharmacist of a pharmacy shall keep in his pharmacy a suitable book or file in which shall be preserved, for a period of not less than three years, the original of every prescription order compounded or dispensed at the pharmacy, serially numbered, dated and filed in the order in which they were compounded or dispensed, and shall produce such book or file in court or before any grand jury upon lawful order. The book or file of original prescription orders shall at all times be open for inspection by the medical practitioner prescribing, the board of pharmacy and officers of the law in performance of their duties."

A.R.S. Sec. 32–1904 provides in part:

"Powers and duties of board

A.   The board shall:

*       *       *       *       *       *

4.   Enforce its rules and regulations and in so doing, the board or its agents shall have free access at all reasonable

hours to any pharmacy, manufacturer, wholesaler, general dealer, proprietary or patent medicine permittee, or any other establishment in which drugs, devices, poisons, or hazardous substances are manufactured, processed, packed or held, or to enter any vehicle being used to transport or hold such drugs, devices, poisons, or hazardous substances for the purpose:

(a) Of inspecting such establishment or vehicle to determine if any of the provisions of this chapter are being violated.

(b) Of securing samples or specimens of any drug, device, poison, or hazardous substance after paying or offering to pay for such sample.

(c) Of detaining or embargoing a drug, device, poison, or hazardous substance in accordance with Sec. 32–1994."

■ Here, the search was not accompanied by any unauthorized force and was specifically sanctioned by the state's pharmacy laws. There was no violation of appellant's Fourth Amendment rights. Appellant also contends that the arresting agents violated his rights under *Miranda v. State of Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), by interviewing him without a waiver of his right to remain silent. The evidence clearly shows that appellant was read his *Miranda* rights and proceeded to voluntarily answer questions. Assuming arguendo that *Miranda* even applies to this administrative proceeding, appellant voluntarily waived his rights when he made statements to the agents.

■ Regarding sufficiency of the evidence, our review of the record indicates there is substantial evidence to support the board's authority to suspend appellant's license for one year. Appellant continually objected to hearsay evidence admitted at the hearing and contends the suspension cannot be based on such evidence. Our laws regarding administrative procedure state that "[a] hearing may be conducted in an informal manner and without adherence to the rules of evidence required in judicial proceedings." A.R.S. Sec. 41–1010(A)(1).

The record shows the board members understood the nature of hearsay and were instructed to weigh such evidence accordingly. We note that appellant admitted several violations of state laws and federal regulations. This case presents far different facts than does *Young v. Board of Pharmacy*, 81 N.M. 5, 462 P.2d 139 (1969). There, the Supreme Court of New Mexico affirmed the trial court's order setting aside a pharmacist's license revocation which was based almost entirely on hearsay evidence and a finding of "unprofessional conduct" for failing to keep adequate records of drugs. Under the facts of that case, mere negligent failure to keep accurate records was held not to constitute "unprofessional conduct." In this case, however, the board was not forced to apply the evidence before it to such a subjective standard. Its order was based on A.R.S. Secs. 32–1927(10) and (13), which state:

"Grounds for revocation or suspension of license or other disciplinary action

The certificate of registration or license of any pharmacist or pharmacy intern may be revoked, suspended or placed on probation by the board when:

\*   \*   \*   \*   \*   \*

10. The registrant is found by the board to be guilty of violating any Arizona or federal law, rule or regulation relating to the manufacture and distribution of drugs and devices or the practice of pharmacy, to such a degree as to render such registrant unfit, in the opinion of the board, to practice the profession of pharmacy.

\*   \*   \*   \*   \*   \*

13. The registrant is found by the board, or is convicted in a federal or state court, of having violated federal or state laws or regulations pertaining to controlled substances."

The board, as an administrative agency, is the sole judge of the weight to be given each item of evidence. *See Arizona State Liquor Board v. Jacobs*, 20 Ariz.App. 166, 511 P.2d 179 (1973). Since there was substantial evidence to support the board's

findings that appellant had violated state laws and federal regulations pertaining to drugs and controlled substances, it had authority to suspend appellant's pharmacy certificate. Although there is evidence of appellant's good standing as a pharmacist and his good character and reputation in the community, we defer to the measure of discipline imposed and hold it is not unreasonably harsh and oppressive. *See* Annot., 17 A.L.R.3d 1408, Sec. 12 (1968).

Affirmed.

HOWARD, J., and MATTHEW W. BOROWIEC, Judge of the Superior Court, concur.

NOTE: Judge BEN C. BIRDSALL having requested that he be relieved from consideration of this matter, Judge MATTHEW W. BOROWIEC was called to sit in his stead and participate in the determination of this decision.