631 P.2d 1107

**Mary PETRAS, dba Camelback Lounge, Appellant,**

v.

**ARIZONA STATE LIQUOR BOARD, Appellee.**

**No. 1 CA–CIV 4991.**

Court of Appeals of Arizona,
Division 1,
Department B.

June 30, 1981.

Rawlins, Burrus & Lewkowitz by David A. Clarke and H. J. Lewkowitz, Phoenix, for appellant.

Robert K. Corbin, Atty. Gen., by Michael W. Sillyman, Asst. Atty. Gen., Phoenix, for appellee.

OPINION

JACOBSON, Judge.

This appeal is from a judgment affirming a decision of the Arizona State Liquor Board revoking appellant's liquor license. The sole issue on appeal is whether the board imposed an excessive penalty and thereby acted in an arbitrary or capricious manner.

Appellant Mary Petras owned a series 6 spirituous liquor license for the operation of Camelback Lounge at 633 W. Camelback Road in Phoenix, Arizona. Based upon police reports concerning an incident which commenced in the parking lot of Camelback Lounge, the State Liquor Board issued an Order to Show Cause why appellant's license should not be suspended or revoked. Appellant was charged with selling liquor to minors, selling liquor to disorderly persons and failure to report an act of violence.

All of these acts arose out of the following series of events. On April 27, 1978, six young men were drinking beer together at Camelback Lounge. In this group were Landy Buck Jones and Gary Neil Wilson, both of whom were 17 years of age. A dancer at the lounge complained to the bouncer, Paul Williams, that members of this group were yelling at her and disrupting her performance. Mr. Williams warned the young men at least twice to quiet down and stop spilling beer on the stage and on other customers. However, Mr. Williams did not ask any members of the group to leave the premises. Subsequently, four of the young men confronted Mr. Williams while he was talking to a friend outside the Lounge entrance and demanded to know why they were being harassed. A fight ensued in the parking lot.

City of Phoenix police officers were called to the scene. Gary Wilson was identified as one of the individuals involved in the fight and as Wilson ran westbound on Camelback Road he was pursued by Officer Bruce Stallman. While Officer Stallman was attempting to handcuff him, Wilson took the officer's service revolver and shot Stallman in the abdomen. Wilson again fled on foot and was pursued by Officer Stephen Durham. Wilson fired at the officer who returned fire, fatally wounding Wilson.

Following a hearing on June 5, 1981, the State Liquor Board issued findings of fact and conclusions of law upon which it based the decision to revoke appellant's license. The board found that on April 27, 1978, at

Camelback Lounge, Landy Buck Jones and Gary Neil Wilson, both of whom were under 19 years of age, had been served beer without having been asked for identification; Landy Buck Jones, Gary Neil Wilson, Tom Shaughnessy, and David Lee Davis had been served beer while they were intoxicated and disorderly and had been permitted to remain on the premises while intoxicated and disorderly; and an assault and battery occurred in the parking lot which ultimately led to a homicide. The board further found that appellant failed to make a timely report of these events. Based upon its findings, the board concluded that appellant had violated the statutes and board regulations as alleged in the Order to Show Cause.[1]

In reviewing the decision of the board we must use as our guidelines those given to the superior court in A.R.S. § 4–211.A. *Arizona State Liquor Board v. Jacobs*, 20 Ariz. App. 166, 511 P.2d 179 (1973). At the time the appeal was filed in the superior court, A.R.S. § 4–211.A. provided:[2]

> Any decision of the board in any matter shall be final, unless any person aggrieved ... within thirty days after receiving notice of the decision of the board, appeals to the superior court of the county in which the licensed premises are located, on one or more of the following grounds that the order was:
>
> 1. Founded on or contained error of law which shall specifically include error of construction or application of any pertinent rules;
> 2. Unsupported by any competent evidence as disclosed by the entire record;
> 3. Materially affected by unlawful procedure;
> 4. Based on violation of any constitutional provision; or
> 5. Arbitrary or capricious.

Appellant's pleadings in superior court allege A.R.S. § 4–211.A.1 and 5 as the bases of her appeal. We note that while she did not allege § 4–211.A.2, absence of competent evidence, as a basis for appeal in superior court and this court, appellant continues to assert that there was evidence contrary to the board's findings of fact. However, in reviewing the board's decision, this court does not weigh the evidence. In *Arizona State Liquor Board v. Jacobs, id.* at 169, 511 P.2d at 182 (1973), Division Two of this court stated:

> The State Liquor Board ... is the sole judge of the weight to be given each item of evidence. [Citations omitted.] Judicial review is limited to the inquiry as to whether there was any "competent evidence" to justify the Board's decision.

We also note that although § 4–211.A.1 was cited as a basis for appeal, no specific error has been pointed out. Rather, the essence of this appeal is the claim that revocation of appellant's license is an excessive penalty and therefore constitutes an arbitrary or capricious decision.

The Arizona State Liquor Board has sole authority to revoke a spirituous liquor license. A.R.S. §§ 4–112 and 4–210.B. The board may exercise its discretion to revoke a license for violation of the provisions of Title 4 or its own regulations. A.R.S. § 4–210.

Appellant concedes statutory violations and that revocation is within the board's authority. Her argument is that the penalty is unduly harsh when compared with penalties imposed upon other licensees who have committed similar violations. Appellant contends that "the usual penalty for a first offense of selling to minors and selling to intoxicated persons is a token fine." She then concludes that the only reason for revocation of her license was a failure to

---

1. Two counts in the order to show cause were dropped. These counts related to serving liquor to another member of the group who was alleged to have been 17 years of age. This individual failed to comply with the subpoena to attend the hearing.

2. A.R.S. § 4–211 has been amended by Ariz. Sess.Laws 1980, Ch. 231, § 13. While we apply the statute in force at the time the appeal was made to the superior court, we note that the scope of review under the circumstances of the instant case would be practically identical. A.R.S. § 4–211 now provides:

> Decisions of the board shall be subject to judicial review pursuant to title 12, chapter 7, article 6 [A.R.S. § 12–909 *et seq.*, the Administrative Review Act].

report to April 27, 1978 incident. She also claims that this failure was excusable because the Department of Liquor Licenses and Control had already received the police report of the incident.

The record on appeal does not present a factual basis for this court to conclude that the State Liquor Board has a policy of imposing "token fines" for first offenses. Furthermore, the record reflects several prior warnings to Camelback Lounge for statutory violations and the imposition of two fines. We are likewise unpersuaded by appellant's claim that her failure to file a report was excusable and that revocation was based solely upon her failure to file this report. The record on its face reflects board action based upon several violations.

In further support of her contention that the board's penalty is excessive, appellant cites *Wesley v. State*, 117 Ariz. 261, 571 P.2d 1057 (App. 1977). Apparently, appellant seeks to demonstrate that on one prior occasion the State Liquor Board imposed a fine upon a licensee who had a history of violent incidents at his establishment. *Wesley* was a wrongful death case in which the plaintiff claimed that the Liquor Board was guilty of malfeasance for failing to revoke a license. The court of appeals never reached this issue as the court upheld the dismissal by the trial court upon the ground that the liquor department had no duty to the plaintiff. The record is wholly insufficient to compare the 1973 incident referenced in *Wesley* to the board action now under review.

In determining whether an administrative agency has abused its discretion by acting in an arbitrary and capricious manner, we review the record to determine whether there has been "unreasoning action, without consideration and in disregard for facts and circumstances; where there is room for two opinions, the action is not arbitrary or capricious if exercised honestly and upon due consideration, even though it may be believed that an erroneous conclusion has been reached." *Tucson Public Schools, District No. 1 of Pima County v. Green*, 17 Ariz.App. 91, 94, 495 P.2d 861, 864 (1972). The Arizona courts have consistently upheld decisions of the State Liquor Board where an opposite conclusion could have also been reached. *See Garcia v. Arizona State Liquor Board*, 21 Ariz.App. 456, 520 P.2d 852 (1974); *Patula v. Circle K Corporation*, 17 Ariz.App. 317, 497 P.2d 824 (1972).

While the Arizona appellate courts have not had prior occasion to determine whether the revocation of a liquor license constitutes an excessive penalty, the New York Court of Appeals has described the scope of its review when asked to make a similar determination with respect to actions of the New York State Liquor Authority:

[P]etitioner's sole contention is that the sanction imposed by respondent was excessive. In this situation, the role of the courts in reviewing the penalty imposed by an administrative agency is extremely limited. Indeed, it is well settled that "where the finding of guilt is confirmed and punishment has been imposed, the test is whether such punishment is 'so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness.'" [Citations omitted.]

*17 Cameron St. Restaurant Corp. v. New York State Liquor Authority*, 48 N.Y.2d 509, 512, 423 N.Y.S.2d 876, 878, 399 N.E.2d 907, 909 (1979).

The Arizona State Liquor Board imposed a statutorily permissible penalty. We find nothing in the record to demonstrate that the penalty was disproportionate to the offenses committed by appellant. There is competent evidence in the record to support the board's decision that the violations occurred and that revocation of appellant's license was appropriate.

We therefore conclude that the board did not abuse its discretion or act in an arbitrary or capricious manner.

Judgment affirmed.

HAIRE, P. J., and EUBANK, J., concur.