738 P.2d 1

**A.P.R. MANAGEMENT CORP., an Arizona corporation, Plaintiff-Appellee,**

v.

**ARIZONA DEPARTMENT OF LIQUOR LICENSES AND CONTROL, Ray Johnson, Joe Newth, Hal Pershall, Manuel Amado, Ray Flores, and Darryl Dobras, members thereof, Philip MacDonnell, Superintendent, and the State of Arizona, Defendants-Appellants.**

No. 1 CA–CIV 8390.

Court of Appeals of Arizona, Division 1, Department D.

May 13, 1986.

Marton & Hall, P.A. by Terry F. Hall, Phoenix, for plaintiff-appellee.

Robert K. Corbin, Atty. Gen. by Charles S. Pierson, Asst. Atty. Gen., Phoenix, for defendants-appellants.

OPINION

GRANT, Presiding Judge.

This is an appeal by the Arizona Department of Liquor Licenses and Control (Department) from a mandamus order compelling the Department to grant appellee, A.P.R. Management Corp. (A.P.R.), a series 06 liquor license without a hearing.

The material facts are undisputed. On November 20, 1984, A.P.R. filed an application for a series 06 liquor license for the Amberian Point Resort in Greer, Arizona. The procedure for processing applications is governed by A.R.S. § 4–201. On February 25, 1985, the Superintendent of Liquor Licenses gave notice that a hearing would be conducted by the Liquor Board on March 7, 1985. This day would have been the 106th day after the filing of the application. It was stipulated between the parties that the recommendation of the County Board of Supervisors was that the license be approved, and that the Liquor Board received this recommendation 93 days after the filing of A.P.R.'s application.

The issue raised by this appeal is whether the superior court could properly require the Department to issue a liquor license.

The Department takes the position that the superior court can lawfully compel it to grant a liquor license only if two conditions have been met: (1) interested local authorities have recommended approval of an application within 60 days of the filing of an application with the Liquor Board; and (2) the Board of Supervisors has not, within 75 days after the filing of an application, requested a hearing on the application. The Department contends that the first condition was not fulfilled in this case because the Department did not receive the recommendation of the Apache County Board of Supervisors until 93 days after the filing of A.P.R.'s application. Therefore the Department argues that the trial court ex-

ceeded its authority when it compelled the issuance of a liquor license on grounds of the Department's failure to act upon A.P. R.'s application within 105 days. We agree.

The trial court's decision was based on its construction of the 1984 amended version of A.R.S. § 4–201(E), which specifies the procedure for consideration of liquor license applications. The statute provides:

E. Upon receipt of an application for a spirituous liquor license, the superintendent shall set such application for hearing by the board upon a date following the expiration of the time fixed for the submitting of the certified order by the governing body of the city or town or the board of supervisors. If the city or town or the county recommends approval of the license no hearing is required unless the superintendent decides that the public convenience requires that and the best interest of the community will be substantially served if a hearing is held. If no hearing is requested by the board, the application will be approved within seventy-five days after the filing of the application. If the recommendation is for disapproval of an application or if no recommendation is received, the board shall hold a hearing. The certified order, the reasons contained therein and the summary of the testimony and other evidence supporting the city, town or county disapproval of recommendation shall be read into the record before the board and shall be considered as evidence by the board. The board shall consider the certified order together with other facts and a report of the superintendent if requested by the board relating to the qualifications of the applicant. If the governing body of the city or town or the board of supervisors fails to return to the board, as provided in subsections C and D, its order of approval or disapproval within sixty days after filing of the

application, the board shall proceed with further consideration of the application by holding an administrative hearing. The board shall approve or disapprove each application within one hundred five days after filing of the application.

Laws 1984, Ch. 322, § 5.

Because we conclude that the trial court erred in its interpretation of A.R.S. § 4–201(E), as amended, we note the following. Under the former version of the statute the Liquor Board (Department) might in its discretion treat the failure of the local authorities to return a certified recommendation within 60 days as though an application were favorably recommended.[1] The 1984 amendment to the statute, however, makes the timing of a receipt of recommendation dispositive: If a favorable recommendation is not received within 60 days, a hearing must be held regardless of what might be the ultimate recommendation of the local governing body. If a recommendation of approval is received after the 60 day period, the Board must likewise hold a hearing before taking any action to grant or deny a liquor license. The statute goes on to provide that the Liquor Board shall approve or disapprove an application within 105 days after its filing. However, we do not believe that the legislature chose to foreordain the outcome if the 105 day requirement is not met. By way of contrast, if the Board receives a favorable recommendation from the local governing body within the 60–day period, but fails to hold a hearing within 75 days after the application is filed, the application will automatically be approved. The Department concedes that this language is mandatory.

■ We agree with the Department that the legislature deliberately chose not to grant the courts power to order the issuance of liquor licenses as a matter of right merely because of non-compliance with the 105–day rule. The contrast be-

1. Prior to the 1984 amendment A.R.S. § 4–201(E) read in part:
.... In the event the governing body of the city or town or the board of supervisors fails to return to the board as provided in subsections C and D its order of approval or disap-

proval within sixty days after filing of the application, the board may proceed with further consideration of the application as though the governing board had returned the application with a certified order of approval thereof....

**492**

tween the effects of the 75-day rule and the 105-day rule in the statutory language is clear. As to the violation of the 105-day rule, the reviewing court can order that the Department exercise its discretion as required by A.R.S. § 4-201(E), but it cannot demand that the discretion be exercised in a "particular manner." *See Cagle Bros. Trucking Service v. Arizona Corporation Commission,* 96 Ariz. 270, 394 P.2d 203 (1964); *State v. Schlarp,* 25 Ariz.App. 85, 541 P.2d 411 (1975). This is true even though we have previously held that the purpose of the 105-day requirement is to protect the applicant. *Garcia v. Arizona State Liquor Board,* 21 Ariz.App. 456, 520 P.2d 852 (1974). The protection for the applicant is that a hearing must be held and that action must be taken within the statutory time period. Such protection does not mean that there is a mandatory right to a license.

■ We hold that the superior court exceeded its legal authority by ordering the Department to issue the liquor license rather than ordering it to merely hold a hearing. Due process requires the availability of judicial review to ensure that the Department acts when obligated by statute, but the courts cannot compel the Department to act in any specific manner. *See Cooper v. Arizona Board of Pardons and Paroles,* 149 Ariz. 182, 717 P.2d 861 (1986); *Foggy v. Eyman,* 110 Ariz. 185, 516 P.2d 321 (1973).

For the following reasons the order of the superior court is reversed and the case remanded for further proceedings consistent with this opinion.

BROOKS and FROEB, JJ., concur.