299 P.2d 783

The ARIZONA STATE HIGHWAY COMMISSION et al., Petitioners,

v.

The SUPERIOR COURT OF MARICOPA COUNTY and J. Smith Gibbons, Judge of the Superior Court of Maricopa County, Respondents.

No. 6263.

Supreme Court of Arizona.

July 3, 1956.

Robert Morrison, Atty. Gen., James H. Green, Jr., and Gordon G. Aldrich, Sp. Asst. to the Atty. Gen., for petitioners.

Frank E. Murphy, Jr., and Anthony D. Terry, Tucson, for respondents.

PHELPS, Justice.

This is an original proceeding for a writ of prohibition to enjoin further proceedings in the superior court of Maricopa County wherein plaintiff, the Reverend Joseph B. Murphy, in a mandamus action, sought to compel the Arizona State Highway Commission to establish a school zone and crosswalk at the intersection of Ajo Way and 12th Avenue abutting the school grounds at St. John's Catholic Church and School near the city of Tucson, Arizona.

Some time prior to October 3, 1955, Reverend Murphy made a formal request in writing directed to the Arizona State Highway Commission requesting that a school zone crosswalk be established at said intersection. On October 3, 1955, the commission adopted a motion, the effect of which was to deny the application for said crosswalk. Reverend Murphy as plaintiff then instituted an action in the superior court of Pima County asking for an alternative writ of mandamus commanding the Highway Commission to establish a school crossing at the above intersection.

The complaint alleged in the alternative that either the refusal of the commission to grant the school crossing zone at the

point plaintiff desired was an abuse of the statutory duty of the defendants, or that the manner in which such school zone was denied plaintiff was arbitrary and capricious and "beyond the proper and legal discretion of defendants." The particular fact complained of was the refusal of the Highway Commission to establish a school zone immediately under the traffic signals at said intersection. The Highway Commission was willing to install a school crossing along Ajo Way 600 feet distant from the intersection, abutting the St. John's Catholic Church school grounds, which was rejected by plaintiff.

An alternative writ of mandamus was issued by the superior court of Pima County, commanding the Highway Commission to establish a school crossing zone in accordance with plaintiff's application or in the alternative to show cause why such action should not be taken. The commission (petitioners here) then obtained a change of venue from the superior court of Pima County to the superior court of Maricopa County. Thereafter the commission moved to quash the writ of mandamus for lack of the court's jurisdiction to grant the relief prayed for in Reverend Murphy's application for said writ. This motion was denied, whereupon the commission moved for summary judgment on the contention that the court was without jurisdiction to command these particular acts of the State Highway Commission, the performance of which, by virtue of section 28–797, A.R.S. 1956, is made discretionary with the commission. Upon a denial of this motion, the commission obtained the present alternative writ of prohibition from this court, enjoining further proceedings in the superior court.

In order to determine whether prohibition will lie we first must look to the statutes and the rules and regulations adopted by the State Highway Commission to determine whether, as a matter of law, the respondent superior court had jurisdiction to entertain the mandamus suit. That is, whether mandamus was available to plaintiff to command the installation by the Arizona Highway Commission of a school zone in a specific location under the provisions of section 28–797, supra. If it is, the writ of prohibition issued by this court must be quashed. If not, it will be made peremptory.

This section provides:

"A. In front of each school building, or school grounds abutting thereon, the commission by and with the advice of the school board or superintendent of schools, is empowered to mark or cause to be marked by the department, or local authorities, a single crosswalk where children shall be required to cross the highway."

Section 28–642, A.R.S.1956, provides that:

"A. The commission shall place and maintain such traffic-control devices,

conforming to its manual and specifications, upon all state highways as it deems necessary to indicate and to carry out the provisions of this chapter or to regulate, warn or guide traffic.

"B. No local authority shall place or maintain any traffic-control device upon any highway under the jurisdiction of the commission except by the latter's permission."

Section 18–106 A.R.S.1956 provides that the commission shall:

"7. Exercise complete and exclusive control and jurisdiction of the state highways, and prescribe such rules and regulations to govern the use of state highways as it deems necessary for public safety and convenience, and to prevent the abuse and unauthorized use of the highways."

The following regulations were adopted by the Highway Commission in 1953:

\*   \*   \*   \*   \*   \*

"(b) No school crossing to be established at a signalized intersection.

"(c) No school crossing to be established where traffic is controlled by a stop sign.

"(d) No school crossing to be established within 600 feet of a signalized intersection, except that this will not prohibit a school crossing installation on a one-way street approaching a sig-

nalized intersection not closer than 300 feet from a signalized intersection."

Sections 12–2021, A.R.S.1596, states that a writ of mandamus may be issued to compel the "performance of an act which the law specifically imposes as a duty resulting from an office, trust or station, \* \* \*." Ordinarily it is invoked to compel the doing of a purely ministerial act. Peters v. Frye, 71 Ariz. 30, 223 P.2d 176; Martin v. Whiting, 65 Ariz. 391, 181 P.2d 819. But it will always lie to require an administrative body to exercise its discretion which the law makes it its duty to perform, even though it cannot require it to be exercised in any particular manner. Maricopa County Municipal Water Conservation Dist. No. 1 v. La Prade, 45 Ariz. 61, 40 P.2d 94. That is wholly within the function of the administrative body except that it may not abuse its discretion. Brown v. City of Phoenix, 77 Ariz. 368, 272 P.2d 358.

"The general rule is that if the action of a public officer is discretionary that discretion may not be controlled by mandamus. *This rule, however, is qualified by the provision that if it clearly appears that the officer has acted arbitrarily and unjustly and in the abuse of discretion, the action may still be brought.*" Collins v. Krucker, 56 Ariz. 6, 104 P.2d 176, 179.

The provisions of section 28–797, supra, empower the commission by and

with the advice of the school board or superintendent of schools to establish and mark a single crosswalk in front of each school building or school grounds abutting thereon where children shall be required to cross the highway. Under this provision it is mandatory upon the commission to establish such crosswalk but it does not state that the commission must establish it at any particular point in front of the school building or abutting school grounds or at such places as the school board or superintendent shall designate as appropriate, nor do we believe such legislative intent can be gleaned from the act as a whole. That decision is reserved for the commission in the exercise of its discretion.

The words "by and with the advice" have uniformly been construed as conferring the power to act and laying the primary responsibility for the action upon the person so first authorized, the second person whose connection therewith is purely advisory, receiving no coordinate authority or power to initiate the action. 2 C.J.S., Advice, p. 892.

Under these circumstances the commission may refuse to establish a school zone at a location where in its sound judgment it believes would constitute a hazard rather than a safety zone for children and its refusal to do so does not constitute an arbitrary abuse of discretion even though school authorities may have advised its establishment at that point. The responsi-bility for the safety of the highways rests with the Highway Commission, not the school officials. Section 18–106, A.R.S. 1956, supra.

It will be observed that the statute does not require the commission to obtain the consent of the school authorities to establish marked crosswalks over a highway where children shall be required to walk. It merely requires it to ask the advice of such authorities concerning a proper location at which to establish such crosswalk but it is not required to follow such advice.

There is no analogy between the term "by and with the advice of" and the constitutional provision providing for the appointment of a public officer "by and with the advice and consent of the Senate" as contended by counsel for respondent. Had the word "consent" been added there would be merit to an argument that consent must be procured but even then it could not be validly asserted as counsel argues, that the Senate would have the right of appointment under such circumstances. The appointive power remains with the Governor just as the power to choose the location of crosswalks over public highways abutting public schools remains with the Highway Commission. The constitutional term above quoted is discussed in Dunbar v. Cronin, 18 Ariz. 583, 164 P. 447 and Lockwood v. Jordan, 72 Ariz. 77, 231 P.2d 428.

As above stated, the Highway Commission has offered to establish a crosswalk

abutting the school ground located 600 feet distant from the intersection which the Church authorities and the plaintiff have refused to accept. It will be remembered, however, that the purpose of the mandamus action was to compel the establishment of a school zone crosswalk at the intersection of Ajo Way and 12th Avenue and at no other place. It is therefore immaterial so far as this cause of action is concerned whether the Highway Commission made the above offer or not.

We are of the view that sections 18–101 et seq. and 28–601 et seq., A.R.S.1956, places upon the Highway Commission the exclusive responsibility for the regulation of traffic upon state highways. Sections 18–106(7) and 28–642, supra, above quoted, clearly indicate this fact. The effect then of a construction of section 28–797, supra, to allow school authorities to designate the location on public highways upon which school zone crosswalks are to be established would effectively take this portion of control of such highways out of the hands of the commission.

We do not think such was the legislative intent in the passage of this section. Neither do we find any language in said act that leads us to believe that the legislature intended to invest the courts with jurisdiction to invade the domain of discretionary powers vested in the Highway Commission unless it clearly appears that the commission has abused its discretion. Collins v. Krucker, supra, and Brown v. City of Phoenix, supra. Where as here, the commission is vested with discretion to establish and mark crosswalks over public highways at any point in front of a school or school grounds abutting the highway, unless it can be said that the action of the Highway Commission in refusing to establish such crosswalk at Ajo Way and South 12th Avenue in Tucson where automatic signal lights are installed, is so clearly arbitrary, capricious and contrary to the recognized standards of safety that reasonable men could not differ in their opinion as to the unsoundness of their judgment, mandamus will not lie.

█ It is apparent as a matter of law that the Highway Commission did not abuse its discretion in this case. Therefore the trial court was without jurisdiction to issue an alternative writ of mandamus or to set the case down for hearing on the merits.

Therefore the alternative writ of prohibition is made peremptory.

LA PRADE, C. J., and UDALL, WINDES and STRUCKMEYER, JJ., concur.