785 P.2d 592

**John DeCARLO and Karon DeCarlo, husband and wife, Plaintiffs/Appellants,**

**v.**

**MCSA, INC., an Arizona corporation; Microage, Inc., an Arizona corporation, Defendants/Appellees.**

**No. 2 CA–CV 88–0026.**

Court of Appeals of Arizona, Division 2, Department A.

March 29, 1988.

---

1. This subsection was deleted by amendments effective after the date of the offense. *See* Laws 1988, Ch. 194, § 1.

Hill, Midgley & Hall by James W. Hill and Barry J. Klinckhardt, Phoenix, for plaintiffs/appellants.

Tower, Byrne & Beaugureau, P.C. by David L. Beaugureau and Amy Schwartz, Phoenix, for defendants/appellees.

## OPINION

HOWARD, Presiding Judge.

This is an appeal from an order of summary judgment dismissing plaintiffs' cause of action for breach of contract, breach of implied covenant of good faith, negligent misrepresentation and negligent infliction of emotional distress arising out of the denial of medical insurance coverage by defendant Microage. The plaintiffs also challenge the plan administrator's denial of coverage pursuant to the Employee Retirement Income Security Act, 29 U.S.C.A. 1001 et seq. (ERISA). We affirm.

We take the facts in the light most favorable to the appellants. *Wisener v. State*, 123 Ariz. 148, 598 P.2d 511 (1979). Plaintiff Karon DeCarlo (DeCarlo) accepted employment on August 5, 1985, as a major account representative for defendant MCSA, Inc. (MCSA). At that time she was given an "insurance briefs" summary page describing an optional group medical plan available to her from defendant Microage (Microage). It provided: "Effective date of coverage is the first day of the month following a mondatory (sic) 30 day waiting period." She contends that this phrasing reasonably led her to believe that her medical coverage became effective on September 6, 1985, the first day following a 30-day waiting period. She offered into evidence in opposition to appellees' motion for summary judgment her affidavit which stated that she in fact verified her interpretation of the effective date with her immediate supervisor, Sam Regina (Regina) and

that Regina agreed with her that 31 days after she accepted the plan she would be covered. Relying upon this confirmation, DeCarlo did not procure supplementary insurance. She suffered a severe cerebral vascular accident on September 27, 1985. Subsequently, she was denied any coverage by Microage, which informed her that her benefits under the policy did not become effective until October 1, 1985, five days after DeCarlo's stroke occurred. Beneficiaries of Microage's insurance plans are protected under ERISA, and a plan administrator reviewed and affirmed the denial as required under ERISA.

■ The plaintiffs first assert that the phrase on the "insurance briefs" summary page regarding coverage is vague and ambiguous and, therefore, parol evidence of Regina's statements to DeCarlo should be admissible to vary the insurance company's interpretation. Second, the plaintiffs rely on *Darner Motor Sales v. Universal Underwriters Insurance Company*, 140 Ariz. 383, 682 P.2d 388 (1984), to support their contention that Regina was acting as Microage's agent in making representations to DeCarlo, thus estopping Microage from denying coverage in accordance with DeCarlo's understanding of the terms. Third, the plaintiffs argue that the plan administrator's decision denying coverage was arbitrary and capricious.

"Whether a contract is ambiguous or uncertain is a question of law and the mere fact that the parties disagree as to the meaning of its terms does not, in and of itself, establish its ambiguity." *Grossman v. Hatley*, 21 Ariz.App. 581, 585, 522 P.2d 46, 50 (1974). Generally, a contract that is unambiguous on its face must be construed according to the plain ordinary meaning of its terms. *Estrada v. Planet Ins. Co.*, 26 Ariz.App. 103, 546 P.2d 372 (1976). The trial court found the terms of the summary page to be clear and unambiguous. We agree. The summary states that the policy becomes effective the "first day of the *month*" following a 30–day mandatory waiting period, not the first *day* after a 30–day mandatory waiting period and it cannot be read in this latter manner. Therefore, the admission of parol evidence, that is, Regina's assurances to DeCarlo, would have been error.[1]

■ Under *Darner* however, the inquiry need not be limited to a finding that the terms of the contract are not ambiguous. The doctrine of equitable estoppel may be employed to defeat a denial of coverage if "the 'boiler-plate terms of the insurance contract ... are ... more limited than the coverage expressly agreed upon by the parties.'" 140 Ariz. at 395, 682 P.2d at 400. This doctrine presupposes bargained-for terms, however, and no such allegation has been made here. DeCarlo does not assert that she was bargaining for the terms of the contract when she conferred with Regina; she sought clarification, not modification of the contract terms. The doctrine of equitable estoppel is inapplicable on these facts.

■ The parties agree that plaintiffs have properly exhausted their administrative remedies, as required under ERISA. The decision of the plan administrator is not contained in the record, nor is it referred to by the trial court in the judgment or the minute entry regarding the judgment. However, in their briefs the parties agree that the scope of judicial review is narrowly limited to a determination of whether the administrator's decision was "arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law...." *Bowman Transportation, Inc. v. Arkansas–Best Freight Systems, Inc.*, 419 U.S. 281, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974). The Court defined the standard as follows:

"Under the 'arbitrary and capricious' standard the scope of review is a narrow one. A reviewing court must 'consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.... Although this inquiry into the facts is to be searching and

---

1. We do not need to decide whether Sam Regina's assurances would be material. There is no evidence that he had the authority of the appellee to make statements concerning the coverage.

careful, the ultimate standard of review is a narrow one. The court is not empowered to substitute its judgment for that of the agency.' [citation omitted] The agency must articulate a 'rational connection between the facts found and the choice made.' [citation omitted] While we may not supply a reasoned basis for the agency's action that the agency itself has not given, [citation omitted] we will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned. [citation omitted]" 419 U.S. at 285, 95 S.Ct. at 442, 42 L.Ed.2d at 455.

This standard, applied by courts reviewing decisions made pursuant to the Administrative Procedure Act, 5 U.S.C. § 706, has been adopted for ERISA cases. *LeFebre v. Westinghouse Electric Corp.*, 747 F.2d 197 (4th Cir.1984); *Beggs v. Mullins*, 499 F.Supp. 916 (S.D.W.Va.1980).

The plaintiffs argue that if the plan administrator took all the evidence into consideration, including Regina's alleged statements, the decision against them is clearly arbitrary and capricious. We do not agree. The defendants' affidavit, offered in support of the motion for summary judgment, flatly contradicts DeCarlo's statement. If believed, it is clearly substantial evidence and would support the plan administrator's decision. *Evans v. State ex rel. Arizona Corporation Commission*, 131 Ariz. 569, 643 P.2d 14 (App.1982), cert. denied, 459 U.S. 808, 103 S.Ct. 33, 74 L.Ed.2d 46; *Howard v. Nicholls*, 127 Ariz. 383, 621 P.2d 292 (App.1980). In light of the evidence we see no need to remand to the trial court for further judicial review.

Plaintiffs' claims in tort and for breach of contract and breach of implied covenant of good faith are based upon their assertion that the contract was created under DeCarlo's interpretation. The trial court, finding Microage had no contractual obligation to perform before October 1, 1985, properly dismissed the case.

Affirmed.

LACAGNINA, C.J., and HATHAWAY, J., concur.