760 P.2d 562

**CENTRAL CITRUS COMPANY, an Arizona corporation, Plaintiff/Appellant,**

v.

**ARIZONA DEPARTMENT OF REVENUE and Maricopa County, Defendants/Appellees.**

**No. 2 CA–CV 88–0011.**

Court of Appeals of Arizona, Division 2, Department B.

Feb. 29, 1988.

As Corrected April 4, 1988.

Review Denied Sept. 14, 1988.

**563**

Atty. by Sandor Shuch, Phoenix, for defendants/appellees.

Snell & Wilmer by Frederick K. Steiner, Jr., Douglas W. Seitz, and Stephen C. Newmark, Phoenix, for Western Cotton Services Corp., amicus curiae.

## OPINION

ROLL, Judge.

Plaintiff/Appellant Central Citrus Company (Central Citrus) appeals from the granting of summary judgment in favor of defendants/appellees Arizona Department of Revenue (the Department) and Maricopa County. Summary judgment left intact the determination of the Arizona Board of Tax Appeals (Board) that property owned by Central Citrus was properly classified as commercial or industrial property rather than agricultural property. For the reasons set forth below, we affirm.

## FACTS

Central Citrus is an Arizona corporation. It owns approximately 3.6 acres of real property within the city limits of Tempe. This property is occupied almost entirely by citrus packing houses and parking areas. No crops are grown on the premises. The property is used as a citrus packing plant which prepares citrus goods for marketing. No retail sales or distribution occur on the premises. The packing houses process, grade, size, wash, wax, treat, and pack citrus goods.

Various classes of property have been established by the legislature for taxation purposes. A.R.S. § 42–162. For the tax year 1985, the property of Central Citrus was classified as class three property. In the 1985 tax year A.R.S. § 42–162(A)(3) defined such property as follows:

3. Class three:

All real and personal property devoted to any commercial or industrial use other than property included in class one, two, four, five (b), five (c), six or seven.

1985 Ariz.Sess.Laws, Ch. 317, § 2.

Central Citrus maintains that its property was erroneously classified as class three property rather than class four property.

Fennemore Craig by Timothy Berg, Paul J. Mooney, and Martin P. Clare, Phoenix, for plaintiff/appellant.

Robert K. Corbin, Atty. Gen. by James D. Winter, and Tom Collins, Maricopa Co.

In 1985, A.R.S. § 42–162(A)(4)(a) defined class four property as follows:

4. Class four:

(a) All real property and improvements to such property, if any, used for agricultural purposes, and all other real property and the improvement to such property, if any, not included in Class one, two, three, five or six.

1985 Ariz.Sess.Laws, Ch. 317, § 2. The Department maintains that the Central Citrus property is devoted to a commercial or industrial use. Central Citrus maintains that the property is used for agricultural purposes.

Designation of the property as class three property results in assessment at 25% of its value, while property designated as class four property is assessed at 16% of its value. For this reason, the classification assigned to specific property has very significant taxation consequences.

### PROCEDURAL HISTORY

Central Citrus appealed the determination of the Board that the property should be classified as commercial. A.R.S. § 42–254 provides:

Review of and appeal from classification

Any person may have the classification assigned to his property reviewed and may appeal from the decision resulting from such review in the same manner as provided by law for review of a valuation for ad valorem property taxes and appeal from such review.

Central Citrus moved for summary judgment and the Department filed a cross-motion for summary judgment. The trial court stated that the determination of the Board could only be overturned if Central Citrus demonstrated that an abuse of discretion had occurred, citing *Pesqueira v. Pima County Assessor*, 133 Ariz. 255, 258, 650 P.2d 1237, 1240 (App.1982). The trial court concluded that the facts were uncontested, that no abuse of discretion had occurred, and entered summary judgment in favor of the Department.

### STANDARD OF REVIEW BY TRIAL COURT

Central Citrus and the Department disagree as to the standard of review which the trial court should have applied in reviewing the determination of the Board. Central Citrus maintains that it was entitled to a trial de novo in the superior court, citing *Navajo County v. Four Corners Pipeline Company*, 107 Ariz. 296, 486 P.2d 778 (1971) and *Inspiration Consolidated Copper Company v. Arizona Department of Revenue*, 147 Ariz. 216, 709 P.2d 573 (App.1985). The Department maintains that the trial court properly applied an abuse of discretion standard of review of the determination made by the Board, citing *Pesqueira, supra*.

■ In granting summary judgment in favor of the Department, the trial court stated in part:

This Court may overturn the [Arizona Board of Tax Appeals'] action only if it is demonstrated that an abuse of discretion occurred. *Pesqueira v. Pima County Assessor*, 133 Ariz. 255, 258, 650 P.2d 1237 (App.1982).

The facts are uncontested. The guidelines for valuation adopted by the Department of Revenue can reasonably be construed as supporting the Board's decision. The guidelines are binding on the court.

Decisions of the Board are reviewed de novo. *Stewart Title & Trust of Tucson v. Pima County*, 156 Ariz. 236, 751 P.2d 552 (App.1987); A.R.S. § 42–254. However, we note that the trial court concluded that summary judgment was appropriate. The facts were not disputed in this case, and the record does not reflect that Central Citrus was in any way deprived of the opportunity to present information to the trial court. For these reasons, and because the trial court was correct in its granting of summary judgment, we do not believe that the trial court's mistaken reference to an abuse of discretion standard of review and the binding nature of the Department's guidelines require reversal.

## DEPARTMENT OF REVENUE GUIDELINES

In deciding whether property should be classified commercial or agricultural, the Department has developed certain guidelines for use by county assessors. *Stewart Title & Trust of Tucson, supra.* Central Citrus argues that the guidelines of the Department infringe on and usurp the statutory classification system. Central Citrus argues that property is first classified by the legislature pursuant to the subsections of A.R.S. § 42–162 based upon the use of the property. It is then the responsibility of the Department to value the property. A.R.S. § 42–141(A)(5) authorizes the Department to adopt standard appraisal methods and techniques in determining the valuation of property and "to prepare and maintain manuals and other necessary guidelines reflecting such methods and techniques in order to perpetuate a current inventory of all property subject to taxation and the valuation of such property."

█ A.R.S. § 42–162(A)(3) and (4) do not contain definitions of what is meant by the terms "commercial or industrial use" or "used for agricultural purposes." We believe that the formulation of guidelines to further define these terms does not constitute an unlawful usurpation of the legislative function by the Department. *Burns v. Herberger,* 17 Ariz.App. 462, 469, 498 P.2d 536 (1972), *overruled on other grounds, Golder v. Department of Revenue, State Board of Tax Appeals,* 123 Ariz. 260, 599 P.2d 216 (1979). Of course, the guidelines formulated cannot conflict with express legislative intent. *Stewart Title & Trust of Tucson, supra; Burns, supra.*

The Department has adopted criteria for classification of property as "used for agricultural purposes." The criteria are as follows:

*Definition of Agricultural Property:*

Agricultural property is that real and personal property used for the purpose of agronomy, horticulture or animal husbandry:

1. In which the primary function is to produce an agricultural crop or commodity.

2. In which the improvements are primarily oriented to agricultural functions or agricultural support functions; i.e., farm residents, transient workers' quarters, farm equipment storage, farm produce storage, stock loading ramps and pens, etc.

3. In which the total operation consists of at least a minimum number of acres of animal units specified on pages 205 to 208 or which qualifies for farm designation in accordance with provisions for exemption from minimum acreage requirements. (See page 207).

4. Which is used with a reasonable expectation of profit solely for its agricultural use.

Division of Property and Special Taxes, Arizona Department of Revenue, Agricultural Manual No. 1532, at 101 (Sept. 1983). Essentially, for property to meet the criteria for agricultural property, it must be used for growing crops or for raising animals. These criteria merely fill in details of legislation already enacted. *State v. Arizona Mines Supply Company,* 107 Ariz. 199, 205, 484 P.2d 619, 625 (1971). The definition of agricultural property contained in the guidelines has repeatedly been upheld. *Pesqueira, supra; Department of Property Valuation v. Cookey,* 23 Ariz.App. 470, 534 P.2d 278 (1975); *Sherrill & La Follette v. County of Mohave,* 22 Ariz.App. 606, 529 P.2d 1200 (1975); *Burns, supra.*

█ The decision of the Board classifying the Central Citrus property as commercial rather than agricultural recognizes the distinction between ordinary farming operations and commercial operations arising from farming operations. *California Employment Commission v. Butte County Rice Growers Association,* 25 Cal.2d 624, 638, 154 P.2d 892, 899 (1945). The Board's determination also recognizes the continued trend of specialization and division of labor and the corresponding classification of operations for tax purposes. In *Farmers Reservoir and Irrigation Company v. McComb,* 337 U.S. 755, 761, 69 S.Ct. 1274, 1278, 93 L.Ed. 1672, 1679–80 (1949), the Supreme Court stated:

Economic progress, however, is characterized by a progressive division of labor

**566**

and separation of function.... In this way, functions which are necessary to the total economic process of supplying an agricultural product, become, in the process of economic development and specializaton, separate and independent productive functions operated in conjunction with the agricultural function but no longer a part of it.

Central Citrus argues that Arizona case law supports a broader interpretation of agricultural property than that utilized by the Department. Central Citrus places strong reliance upon *Wayland v. Kleck*, 57 Ariz. 135, 112 P.2d 207 (1941), and *Arizona Employment Security Commission v. Bruce Church, Inc.*, 109 Ariz. 183, 507 P.2d 108 (1973). However, both *Wayland* and *Bruce Church* involved definitions of agricultural labor in the context of employers' contributions to unemployment compensation funds. Neither of these cases involved interpretation of property tax classification statutes.

The guidelines and criteria utilized by the Department did not constitute an unlawful usurpation of the legislative function and are entirely consistent with judicial precedent defining agricultural property. The determination of the Board that the property was commercial was properly upheld by the trial court.

### ATTORNEYS' FEES

Central Citrus requests attorneys' fees pursuant to A.R.S. § 12–348 because fees and expenses are awardable against any party which prevails by an adjudication on the merits of an action brought by that party against the Department to challenge the assessment or collection of taxes. The award of attorneys' fees is inappropriate because Central Citrus does not prevail in this action.

We affirm.

LIVERMORE, P.J., and FERNANDEZ, J., concur.