108 P.3d 282

GRIFFITH ENERGY, L.L.C., an Arizona limited liability company, Plaintiff–Appellant,

v.

ARIZONA DEPARTMENT OF REVENUE, an agency of the State of Arizona; Mohave County, a political subdivision of the State of Arizona, Defendants–Appellees.

No. 1 CA–TX 04–0007.

Court of Appeals of Arizona, Division 1, Department T.

March 18, 2005.

Reconsideration Granted March 18, 2005.

Fennemore Craig, P.C. By Paul J. Mooney, Steven R. Partridge, Jim Wright, Phoenix, Attorneys for Plaintiff–Appellant.

Terry Goddard, Attorney General By Frank Boucek, III, Assistant Attorney General, Phoenix, Attorneys for Defendants–Appellees.

TIMMER, Judge.

¶ 1 Griffith Energy, L.L.C. ("Taxpayer") appeals the tax court's grant of summary judgment upholding the Arizona Department of Revenue's adoption of a twenty-five year valuation table for depreciating personal property at electric generation plants. For the reasons that follow, we affirm.

### BACKGROUND

¶ 2 Taxpayer owns a new merchant natural gas-fired, combined cycle electric generation plant in Mohave County (the "Plant"). The Plant supplies wholesale electricity in Arizona and other states. It began operating in 2001, and the Arizona Department of Revenue ("ADOR") valued it for the first time on January 1, 2002 for tax year 2003.

¶ 3 To value the Plant, ADOR followed the methodology set forth in Arizona Revised Statutes ("A.R.S.") section 42–14156 (Supp. 2004)[1] for valuing electric generation facilities. In relevant part, § 42–14156(A) provides as follows:

A. The valuation of electric generation facilities … shall be determined as follows:

. . . .

3. The valuation of personal property used in operating the facility is the cost multiplied by the valuation factors as prescribed by tables adopted by the department, adjusted as follows:

(a) For the first year of assessment, the department shall use thirty-five per cent of the scheduled depreciated value.

(b) For the second year of assessment, the department shall use fifty-one per cent of the scheduled depreciated value.

(c) For the third year of assessment, the department shall use sixty-seven per cent of the scheduled depreciated value.

(d) For the fourth year of assessment, the department shall use eighty-three per cent of the scheduled depreciated value.

(e) For the fifth and subsequent years of assessment, the department shall use the scheduled depreciated value as prescribed in the department's guidelines.

4. In addition to the computation prescribed in paragraph[ ] … 3 of this subsection, the taxpayer may submit documentation showing the need for, and the department shall consider, an additional adjustment to recognize obsolescence using standard appraisal methods and techniques.

¶ 4 Pursuant to § 42–14156(A)(3), ADOR adopted a valuation table (the "Table") for electric generation personal property with a twenty-five-year life span and a ten percent floor at which depreciation levels out. ADOR used the Table in valuing the Plant at $57,803,000. Taxpayer unsuccessfully appealed the valuation to the State Board of Equalization, arguing ADOR should have adopted a table for depreciating the Plant's personal property based upon a fifteen-year life. Taxpayer did not challenge ADOR's valuation of real property or improvements.

¶ 5 Taxpayer appealed the Board's decision to the Arizona Tax Court, again arguing that ADOR should have adopted a fifteen-year depreciation table for personal property. ADOR moved for summary judgment, which Taxpayer opposed, contending the statute granted ADOR discretion to adopt the Table. The tax court granted the motion, ruling that ADOR did not act arbitrarily and capriciously in adopting the Table and rejecting Taxpayer's other arguments. After entry of

1. 2003 Ariz. Sess. Laws, Ch. 37, § 5 amended A.R.S. § 42–14156 with little substantive change. The amended version is retroactively effective to January 1, 2003. Therefore, we refer to the latest version of the statute.

judgment and the denial of Taxpayer's post-trial motion, this appeal followed.

## DISCUSSION

### I. Tax court standard of review

¶ 6 Taxpayer first argues the tax court erred by applying an arbitrary-and-capricious standard of review in deciding whether ADOR properly adopted the Table. According to Taxpayer, the court was required to apply a de novo standard of review as it does in all valuation cases. ADOR counters the court applied the proper standard of review because Taxpayer challenged ADOR's adoption of the Table rather than ADOR's adherence to the Table in reaching its valuation decision concerning the Plant. We review de novo the tax court's choice of standard as an issue of law. *See Pima County Assessor v. Ariz. State Bd. of Equalization*, 195 Ariz. 329, 332, ¶ 10, 987 P.2d 815, 818 (App.1999).

¶ 7 Resolution of this issue turns initially on the nature of Taxpayer's challenge before the tax court. ADOR correctly acknowledged during oral argument before this court that if Taxpayer challenged ADOR's refusal to appropriately adjust its valuation of the Plant pursuant to the "obsolescence provision," A.R.S. § 42–14156(A)(4), the tax court was required to review the decision de novo. *See Navajo County v. Four Corners Pipe Line Co.*, 107 Ariz. 296, 298, 486 P.2d 778, 780 (1971) (applying de novo standard to valuation decision); *Central Citrus Co. v. Ariz. Dep't of Revenue*, 157 Ariz. 562, 564, 760 P.2d 562, 564 (App.1988) (same). ADOR asserts, however, that Taxpayer did not raise this issue to the tax court and has therefore waived it on appeal. *See Contempo Const. Co. v. Mountain States Tel. & Tel. Co.*, 153 Ariz. 279, 282, 736 P.2d 13, 16 (App.1987) (appellate court will not consider parties' new issues or theories raised on appeal from summary judgment). Taxpayer contended at oral argument that it sufficiently raised the issue to the tax court. Thus, before considering the appropriate standard for reviewing ADOR's adoption of the Table, we decide whether Taxpayer challenged ADOR's failure to adjust valuation pursuant to the obsolescence provision.

¶ 8 In its Amended Complaint and Notice of Appeal filed with the tax court, Taxpayer challenged ADOR's valuation decision. We agree with Taxpayer's assertion at oral argument that a challenge to valuation can encompass a claim under the obsolescence provision. However, our review of the summary judgment papers, the court's ruling, and the final judgment reveals that the only attack on valuation concerned ADOR's adoption of the Table.

¶ 9 ADOR represented in its motion for summary judgment that "[Taxpayer's] complaint raises one issue. As it did at the State board, [Taxpayer] is only challenging the depreciation table for personal property that [ADOR] adopted pursuant to A.R.S. § 42–14156(3).... [Taxpayer] is not challenging the valuation method contained in A.R.S. § 42–14156 or [ADOR's] calculation of the value using the cost numbers reported by [Taxpayer]." (Emphasis omitted). Taxpayer did not dispute this representation in its response, focused its arguments solely on the propriety of ADOR's adoption of the Table, and stated that "obsolescence [is not] at issue here."

¶ 10 In its ruling granting the motion for summary judgment, the court stated that "the only issue ... is whether [ADOR], in promulgating such [depreciation] guidelines, acted either arbitrarily or capriciously." During a subsequent status conference, Taxpayer advised the court that it did not object to the form of judgment dismissing the case in its entirety, and that there were no issues remaining for trial. The final judgment provides that ADOR did not arbitrarily or capriciously act "in promulgating the depreciation guidelines at issue in this case for electric generation personal property," and that the judgment resolves all claims presented in the case.

¶ 11 In summary, Taxpayer did not raise any issues to the tax court concerning the obsolescence provision. Thus, the standard of review applicable to that issue has no bearing on whether the tax court erred in employing the arbitrary-and-capricious standard of review. We now consider whether the court correctly employed this standard in

reviewing the propriety of ADOR's adoption of the Table.

■ ¶ 12 Taxpayer urges us to view ADOR's adoption of the Table as a valuation decision subject to de novo review. We agree with ADOR, however, that its adoption of the Table was an exercise of a legislatively mandated act subject to deferential review. We are guided in this decision by the supreme court's holding in *Arizona State Highway Commission v. Superior Court*, 81 Ariz. 74, 299 P.2d 783 (1956). In that case, the Arizona Legislature empowered the highway commission to determine the placement of school crossings. *Id.* at 75, 299 P.2d at 783. A party challenged the agency's application of that discretion in the placement of a particular school zone and crosswalk. The Arizona Supreme Court held that a court cannot require an agency to exercise its legislatively conferred discretion in any particular manner, but can require that it not abuse that discretion. *Id.* at 77, 299 P.2d at 785.

¶ 13 Like the situation in *Arizona State Highway Commission*, the legislature directed ADOR to adopt tables prescribing appropriate depreciation for valuing personal property used by electric generation facilities. A.R.S. § 42–14156(A)(3). Adoption of the Table alone did not determine the value of Taxpayer's personal property as application of the Table was subject to statutorily prescribed adjustments pursuant to A.R.S. § 42–14156(A)(3), (4). Consequently, the tax court properly focused its review on whether ADOR abused its legislatively authorized discretion. Taxpayer attempts to distinguish *Arizona State Highway Commission* based on the fact that it was a mandamus action. But the court in that case did not hinge its decision on the fact that the plaintiff sought mandamus relief. We therefore do not find this distinction meaningful.

¶ 14 Taxpayer finally argues the tax court's use of the arbitrary-and-capricious standard of review violated Taxpayer's due process rights by permitting a "single bureaucrat the sole discretion to determine the value of a taxpayer's property, without permitting any meaningful appeal of that biased decision to a court of law." We disagree. First, Taxpayer can seek an adjustment un-

der the obsolescence provision, as it apparently did successfully for tax year 2004. Second, as previously explained, *see supra* ¶ 7, any refusal by ADOR to adjust depreciation based on a taxpayer's presented documentation is subject to de novo review. The tax court did not err by employing the arbitrary-and-capricious standard of review in deciding whether ADOR properly adopted the Table.

## II. Merits of summary judgment ruling

¶ 15 Taxpayer next argues the tax court erred by granting summary judgment because (1) Taxpayer raised disputed issues of material fact concerning the propriety of ADOR's adoption of the Table, (2) even if ADOR validly adopted the Table, it served only as a rebuttable presumption that Taxpayer could overcome at a trial (3) the tax court's interpretation of the A.R.S. § 42–14156 results in an unconstitutional delegation of legislative authority to ADOR, and (4) ADOR failed to comply with the administrative procedure act in adopting the Table. We review de novo the court's grant of summary judgment. *See Roosevelt Elementary Sch. Dist. No. 66 v. State*, 205 Ariz. 584, 589 ¶ 24, 74 P.3d 258, 263 (App.2003).

### A. Adoption of Table

¶ 16 To decide whether ADOR acted arbitrarily and capriciously in adopting the Table, the tax court was required to consider "whether the decision was based on a consideration of the relevant factors and whether there ha[d] been a clear error of judgment." *DeCarlo v. MCSA, Inc.*, 163 Ariz. 23, 25–26, 785 P.2d 592, 594–95 (App.1988) (quoting *Bowman Transp., Inc. v. Arkansas–Best Freight Sys., Inc.*, 419 U.S. 281, 285, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974)). If ADOR exercised its discretion honestly and upon due consideration, and its decision was supported by substantial evidence, the tax court was required to uphold ADOR's adoption of the Table even if the court disagreed with ADOR's decision. *Petras v. Ariz. State Liquor Bd.*, 129 Ariz. 449, 452, 631 P.2d 1107, 1110 (App.1981) ("[T]he action is not arbitrary or capricious if exercised honestly and upon due consideration, even though it may be believed that an erroneous conclusion has

been reached.") (quoting *Tucson Pub. Sch. Dist. No. 1 v. Green,* 17 Ariz.App. 91, 94, 495 P.2d 861, 864 (1972)). *See also Thomas & King, Inc. v. City of Phoenix,* 208 Ariz. 203, 206, ¶ 8, 92 P.3d 429, 432 (App.2004); *DeCarlo,* 163 Ariz. at 25–26, 785 P.2d at 594–95 ("The court is not empowered to substitute its judgment for that of the agency.") (quoting *Bowman Transp., Inc. v. Arkansas–Best Freight Sys., Inc.,* 419 U.S. 281, 285, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974)).

¶ 17 Taxpayer argues it raised issues of material fact concerning the propriety of ADOR's decision to adopt the Table, thereby precluding summary judgment in favor of ADOR. First, Taxpayer cites its tender of affidavits from property tax consultant Joy Stallings–Gomez and David Talarico, an engineering consultant to firms that develop, construct, and operate power generating facilities, as containing evidence that the life of Taxpayer's assets is shorter than the twenty-five-year life reflected in the Table. This evidence is insufficient to create a question of material fact, however, as whether the life of Taxpayer's property should be additionally adjusted under the obsolescence provision, A.R.S. § 42–14156(A)(4), is irrelevant to deciding whether ADOR acted arbitrarily and capriciously in adopting the Table.

¶ 18 Second, Taxpayer points out that its consultants also challenged aspects of ADOR's findings relied upon to arrive at the twenty-five-year life figure. For example, Stallings–Gomez stated that ADOR continuously refused to discuss the life of equipment, even after she and industry representatives pointed out substantial inaccuracies in a national study conducted by ADOR concerning electric generation equipment life spans used by other state taxing authorities. Talarico questioned the usefulness of ADOR's investigation of lives assigned by other states for purposes of valuation because several factors affecting an accurate comparative analysis were not addressed by ADOR. Finally, Stallings–Gomez opined that a fifteen-year life for electric generation equipment in Arizona was appropriate.

¶ 19 We are not persuaded that Taxpayer presented disputed issues of material fact by challenging the propriety of ADOR's decision to establish a twenty-five-year life for electric generation personal property. The issue before the tax court was not whether ADOR reached the correct decision but whether its decision was reached after due consideration and upon a rational basis. *Thomas & King, Inc.,* 208 Ariz. at 206, ¶ 8, 92 P.3d at 432; *DeCarlo,* 163 Ariz. at 26, 785 P.2d at 595; *Petras,* 129 Ariz. at 452, 631 P.2d at 1110. Phrased differently, ADOR did not act arbitrarily and capriciously merely because others held different opinions concerning the proper life span to use for purposes of depreciation. *See Petras,* 129 Ariz. at 452, 631 P.2d at 1110.

¶ 20 ADOR presented evidence that it selected a twenty-five-year depreciation life after gathering information from a variety of sources. Among other things, ADOR obtained information from new merchant and incumbent providers of electric generation services in Arizona, including Taxpayer, reviewed a depreciation study prepared on behalf of Pinnacle West Energy Corporation, and surveyed all other states to determine that they assigned life spans to electric generation plants ranging between twenty and thirty years. ADOR also hired independent experts to research and report on the life of a combined cycle plant. The experts concluded that the typical life cycle for plants like Taxpayer's is thirty years. Based on all this evidence, ADOR adopted a twenty-five-year life span for electric generation personal property, adjusting the thirty-year estimate to account for deregulation effects.

¶ 21 In sum, the record reflects that ADOR selected the twenty-five-year life span for depreciation based on a rational basis and after due consideration. Although Taxpayer raised issues of fact concerning the conclusions ADOR drew from aspects of its investigation, it presented no evidence contesting that ADOR engaged in the above-described investigation or disputing that ADOR's selection of the twenty-five-year life span had a rational basis. Thus, the tax court correctly determined that no disputed issues of material fact existed to preclude the entry of summary judgment.

## B. Table as rebuttable presumption

¶ 22 Taxpayer contends that even if ADOR validly adopted the Table, the tax court nevertheless erred in granting summary judgment because the Table served only as a presumption, which Taxpayer should be allowed to rebut at trial. As previously explained, *see supra* ¶¶ 8–11, Taxpayer challenged only ADOR's adoption of the Table. It did not argue to the tax court that ADOR erred by refusing to adjust the scheduled depreciation value for the Plant. Thus, Taxpayer has waived this issue on appeal, and we will not consider it. *Contempo Const.*, 153 Ariz. at 282, 736 P.2d at 16 (App.1987).

## C. Delegation of legislative authority

¶ 23 Taxpayer next argues the tax court erred in its ruling because A.R.S. § 42–14156(A)(3), as interpreted by the court, violates the constitutional prohibition against delegating lawmaking authority to an administrative agency. We do not discern such a violation. Although the legislature cannot delegate the authority to enact laws to a government agency, it can allow the agency "to fill in the details of legislation already enacted." *State v. Ariz. Mines Supply Co.*, 107 Ariz. 199, 205, 484 P.2d 619, 625 (1971); *see also Lewis v. Ariz. Dep't of Econ. Sec.*, 186 Ariz. 610, 615, 925 P.2d 751, 756 (App. 1996) (holding legislature "can give agencies discretion as to execution of the laws") (citing *Peters v. Frye*, 71 Ariz. 30, 35, 223 P.2d 176, 179 (1950)).

¶ 24 By enacting § 42–14156, the legislature required ADOR to use a cost approach in valuing electric generation property for purposes of property taxation, with specified adjustments to scheduled depreciation over a five-year period. By leaving ADOR with the task of crafting a guideline for depreciation, the legislature granted discretion to ADOR to "fill in the details" needed to execute § 42–14156. In doing so, the legislature left the job of formulating a depreciation guideline to an agency that is likely better equipped to undertake the task. *See Ariz. Mines Supply Co.*, 107 Ariz. at 205, 484 P.2d at 625 ("The object to be accomplished, or the thing permitted may be specified, and the rest left to the agency of others, with better opportunities of accomplishing the object, or doing the thing understandingly.").

## D. Arizona Administrative Procedure Act

¶ 25 Taxpayer also asserts that ADOR's Table is actually a rule, which ADOR adopted without following procedures prescribed by the Arizona Administrative Procedures Act, A.R.S. § 41–1001 (2004), *et seq.* But, as ADOR points out, and Taxpayer does not contest, a party challenging an agency practice or policy as a rule must either petition the agency to review the issue or bring a declaratory judgment action in the superior court in Maricopa County. A.R.S. § 41–1033(A), –1034(B); *see also Ariz. Soc'y of Pathologists v. Ariz. Health Care Cost Containment Sys. Admin.*, 201 Ariz. 553, 556 n. 7, ¶ 16, 38 P.3d 1218, 1221 n. 7 (App.2002). Because Taxpayer did not follow either procedure in this case, on this basis alone the tax court did not err by rejecting Taxpayer's contention and entering summary judgment. In light of our decision, we need not address the parties' additional arguments concerning this issue.

## REQUEST FOR ATTORNEYS' FEES

¶ 26 Taxpayer requests an award of attorneys' fees on appeal pursuant to A.R.S. § 12–348(B) (2003). Because Taxpayer is not the prevailing party, we deny that request.

## CONCLUSION

¶ 27 For the foregoing reasons, we affirm.

CONCURRING: PHILIP HALL, Presiding Judge and DONN KESSLER, Judge.