NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MARK S. HANDRAHAN, a single man, *Plaintiff/Appellant,*

*v.*

HAROLD D. BURR, JR. and JANE DOE BURR, husband and wife;
HAROLD D. BURR, JR., P.C., an Arizona professional corporation dba
BURR & ASSOCIATES, P.C.; WILLIAM H. DOYLE and JANE DOE
DOYLE, husband and wife; THE DOYLE FIRM, P.C., an Arizona
professional corporation; SCOTT M. GOLDEN and JANE DOE GOLDEN,
husband and wife, *Defendants/Appellees.*

No. 1 CA-CV 14-0519
FILED 1-19-2016

Appeal from the Superior Court in Maricopa County
No. CV2012-092700
The Honorable Mark F. Aceto, Retired Judge

**AFFIRMED**

COUNSEL

Evans Dukarich LLP, Tempe
By Steven L. Evans, Gary Dukarich
*Counsel for Plaintiff/Appellant*

Manning & Kass, Ellrod, Ramirez, Trester, L.L.P., Phoenix
By Robert B. Zelms, Debora L. Verdier
*Counsel for Defendants/Appellees Burr*

The Hassett Law Firm, P.L.C., Phoenix
By Myles P. Hassett, Julie K. Moen, Jamie A. Glasser
*Counsel for Defendants/Appellees Doyle*

Dickinson Wright, PLLC, Phoenix
By Charles H. Oldham
*Counsel for Defendants/Appellees Golden*

—————————————————

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Patricia A. Orozco joined.

—————————————————

**P O R T L E Y**, Judge:

¶1          Mark S. Handrahan appeals the summary judgment dismissing his legal malpractice claims against his former lawyers Harold D. Burr, Jr. and Burr & Associates, P.C. (collectively "Burr"), William H. Doyle and The Doyle Firm, P.C. (collectively "Doyle"), and Scott M. Golden (collectively "the Defendants"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          Handrahan was stabbed by Jose Orlando Brown-Vasquez ("Vasquez") in 2006. While Vasquez was being prosecuted for the aggravated assault, Handrahan, in a separate proceeding, was sentenced to three years in prison for failing to register as a sex offender. In 2008, Vasquez was convicted and sentenced for the stabbing, and the sentencing order directed the Arizona Department of Corrections ("ADOC") not to place Vasquez in Florence with Handrahan. Despite the order, Vasquez was sent to the Florence facility, albeit to a different unit. Shortly thereafter, William Duncan, an inmate, viciously attacked Handrahan.

¶3          Burr agreed to represent Handrahan in a lawsuit against ADOC for failing to protect him. He served a notice of claim on ADOC, its director, and the Office of the Attorney General[1] (though Handrahan later

---

[1] The Office of the Attorney General is the statutory agent for service on the State of Arizona. *See* Ariz. R. Civ. P. 4.1(h)(1).

alleged the notice was defective because it did not list the State of Arizona as a party). Burr subsequently prepared and filed a complaint against ADOC and its director (even though both were immune from civil liability under Arizona Revised Statutes ("A.R.S.") section 31-201.01(F)),[2] but did not name the State of Arizona as a defendant. Burr withdrew before serving the complaint.

¶4        Doyle, who had initially refused to take the case, later agreed to represent Handrahan. Golden agreed to help, and filed a notice of appearance. The complaint was served, and the lawsuit was subsequently dismissed after ADOC and its director successfully invoked their statutory immunity. Handrahan did not appeal the ruling.

¶5        Handrahan then filed this legal malpractice lawsuit against the Defendants. He subsequently filed a motion for partial summary judgment arguing Burr was liable for filing a defective notice of claim. Burr responded, and filed a cross-motion for partial summary judgment on the same issue. The court granted Burr's cross-motion after finding that Handrahan had failed to establish that the complaint had been dismissed because of any defect in the notice of claim.

¶6        Doyle subsequently filed a motion for summary judgment, joined by Golden and Burr, arguing that even if the complaint was defective, Handrahan had failed to prove that ADOC was negligent, or that Duncan's attack was connected to Vasquez's incarceration in Florence. The court agreed, finding that Handrahan had not demonstrated that he could have succeeded in the underlying case. After his motion for reconsideration was denied and judgment was entered, Handrahan filed this appeal. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶7        Handrahan raises four issues on appeal. He argues that: (1) the trial court erred by granting summary judgment because it misunderstood the difference between circumstantial and speculative evidence; (2) the court should apply the "Ohio-Montana Approach" to the causation element of his legal malpractice claim; (3) even if the court refuses to modify Arizona's legal malpractice causation standard, (a) the Defendants should be estopped from asserting that Handrahan's underlying case was not just and appropriate, or (b) the burden should be shifted to the Defendants to require them to disprove causation; and (4) the

---

[2] We cite to the current version of the statute, unless otherwise noted.

court abused its discretion by denying Handrahan's Rule 56(f) motion to perform additional discovery so he could defeat summary judgment.

## I.    Summary Judgment

**¶8**        Handrahan claims the court abused its discretion by granting the Defendants' motion for summary judgment.  We disagree.

**¶9**        Summary judgment should be granted "if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law."  *Grand v. Nacchio*, 214 Ariz. 9, 18, ¶ 26, 147 P.3d 763, 772 (App. 2006) (citations omitted).  We review a grant of summary judgment de novo, *Bothell v. Two Point Acres, Inc.*, 192 Ariz. 313, 316, ¶ 8, 965 P.2d 47, 50 (App. 1998), and view the evidence and reasonable inferences in the light most favorable to the non-moving party, *Federico v. Maric*, 224 Ariz. 34, 36, ¶ 7, 226 P.3d 403, 405 (App. 2010) (citations omitted).  We will affirm the trial court's grant of summary judgment if it was correct for any reason.  *Id.* (citation omitted).

**¶10**        To assert a legal malpractice claim, a plaintiff must demonstrate:

> (1) the existence of an attorney-client relationship which imposes a duty on the attorney to exercise that degree of skill, care, and knowledge commonly exercised by members of the profession, (2) a breach of that duty, (3) that such negligence was a proximate cause of resulting injury, and (4) the fact and extent of the injury.

*Toy v. Katz*, 192 Ariz. 73, 85, 961 P.2d 1021, 1033 (App. 1997) (citation omitted).  Causation, which is generally a fact question, *see id.*, requires proof of negligence in the case-within-a-case; that is, "but for the attorney's negligence, he would have been successful in the prosecution or defense of the original suit."  *Glaze v. Larsen*, 207 Ariz. 26, 29, ¶ 12, 83 P.3d 26, 29 (2004) (quoting *Phillips v. Clancy*, 152 Ariz. 415, 418, 733 P.2d 300, 303 (App. 1986); *see also Matter of Strobel*, 149 Ariz. 213, 216, 717 P.2d 892, 895 (1986).

### A.  No Genuine Issue as to Causation in the Case-Within-a-Case

**¶11**        Here, and despite Handrahan's contention that the timing between Vasquez's arrival and Duncan's assault was circumstantial evidence of ADOC's negligence, he failed to present any admissible evidence that he would have proven his case-within-a-case.  Handrahan failed to present any admissible evidence that Vasquez's arrival at the

4

Florence facility and Duncan's subsequent attack were connected. There was no evidence that Vasquez knew Duncan. There was no evidence that Vasquez was housed with Duncan. There was no evidence that Vasquez communicated with Duncan or with anyone else at the facility about Handrahan. There was no evidence that Duncan told Handrahan that he was beating him up because he knew Vasquez, or that Vasquez had suggested or ordered it. And, there was no admissible evidence that ADOC negligently segregated Vasquez from Handrahan, or that it failed to protect him from a known danger.[3]

### B. Ohio-Montana Approach

**¶12**      Relying on opinions from Ohio and Montana, Handrahan suggests that we adopt what he labels the "Ohio-Montana Approach" to legal malpractice actions. He argues that under those opinions, the causation requirement should be replaced with proof that the potential settlement value of the underlying lawsuit was diminished. We disagree.

**¶13**      First, we are bound to follow the law as articulated by our supreme court and are not permitted to "overrule, modify, or disregard" supreme court decisions. *State v. Sullivan*, 205 Ariz. 285, 288, ¶ 15, 69 P.3d 1006, 1009 (App. 2003) (quoting *City of Phoenix v. Leroy's Liquors, Inc.*, 177 Ariz. 375, 378, 868 P.2d 958, 961 (App. 1993)); *State v. Sang Le*, 221 Ariz. 580,

---

[3] We assume without deciding that ADOC should have followed the superior court's order not to place Vasquez in Florence. We note, however that the director of ADOC has, by statute, sole decision-making power in deciding where to house prisoners. *See* A.R.S. § 41-1602(A); A.R.S. § 41-1604(A)(1), (2) (giving ADOC director sole authority to establish programs for custody and control of adult offenders committed to ADOC); *Casey v. Lewis*, 837 F. Supp. 1009, 1019 (D. Ariz. 1993) (citing *Meachum v. Fano*, 427 U.S. 215, 224 (1976)) ("The Constitution does not require that the state have more than one prison for convicted felons, nor does it guarantee that the convicted prisoner will be placed in any particular prison."); *Griffith Energy, L.L.C. v. Ariz. Dep't of Revenue*, 210 Ariz. 132, 135, ¶ 12, 108 P.3d 282, 285 (App. 2005) (stating a trial court "cannot require an agency to exercise its legislatively conferred discretion in any particular manner") (citing *Ariz. State Highway Comm'n v. Superior Court of Maricopa Cty.*, 81 Ariz. 74, 77, 299 P.2d 783, 785 (1956)); Op. Ariz. Att'y Gen. I89-021 (1989) ("Director of the Department of Corrections has been granted the exclusive statutory authority and responsibility for the administration of the state prison[s] . . .").

581, ¶ 4, 212 P.3d 918, 919 (App. 2009) (citation omitted). As a result, and until our supreme court modifies the well-established legal malpractice common law, Handrahan was required to present some evidence demonstrating that "but for the attorney's negligence, he would have been successful in the prosecution . . . of the original suit." *Glaze*, 207 Ariz. at 29, ¶ 12, 83 P.3d at 29 (citation omitted).

¶14 Moreover, in the Ohio and Montana decisions cited by Handrahan, both supreme courts found that the plaintiffs had presented sufficient evidence of the case-within-a-case to withstand summary judgment. *See Vahila v. Hall*, 674 N.E.2d 1164, 1166 (Ohio 1997) (syllabus),[4] *Labair v. Carey*, 291 P.3d 1160, 1167-68, ¶¶ 29-30 (Mont. 2012). Here, however, there was no admissible evidence to withstand summary judgment showing that "but for [his] attorney's negligence, [he] would have been able to present sufficient evidence to withstand summary judgment for the [State] and reach the jury with [his] case." *Labair*, 291 P.3d at 1169, ¶ 38. Consequently, given the record, even if we applied the *Vahila* and *Labair* analytic framework, Handrahan could not avoid summary judgment.[5]

## II. Equitable Estoppel and Burden Shifting

¶15 Handrahan also contends that the Defendants should be estopped from asserting that his claim against ADOC lacked value, or should otherwise be required to disprove causation. He recognizes, however, that neither approach is recognized in our legal malpractice jurisprudence. Moreover, he has waived his argument that the Defendants have to disprove causation by failing to raise it to the trial court. *See Schoenfelder v. Ariz. Bank*, 165 Ariz. 79, 88, 796 P.2d 881, 890 (1990) ("[W]e

---

[4] The syllabus in Ohio is part of the appellate decision, written by the authoring judge, and approved by a majority of the court. Supreme Court of Ohio, *Writing Manual: A Guide to Citations, Style, and Judicial Opinion Writing* § 19.2(B) 131 (2d ed. 2013).

[5] Handrahan also requests that we reverse the partial summary judgment granted to Burr. Although he did not substantively address nor argue the notice of claim partial summary judgment in the opening brief, if we assume, without deciding, that the notice of claim was faulty, Handrahan would not be entitled to a new trial. The underlying lawsuit against ADOC was not dismissed because of any alleged defect in the notice of claim. Consequently, even if the issue had not been waived on appeal, there is no basis for reversing the judgment on that basis.

will not review an issue on appeal that was not argued . . . in the trial court.") (citation omitted).

**¶16** He also argues the Defendants should be estopped from denying the vitality of his underlying case by the doctrine of issue preclusion, also known as collateral estoppel. *See Airfreight Express Ltd. v. Evergreen Air Ctr., Inc.*, 215 Ariz. 103, 107 n.3, ¶ 11, 158 P.3d 232, 236 n.3 (App. 2007). Issue preclusion, however, only applies when (1) the issue has actually been litigated in a previous proceeding, (2) the parties had a full and fair opportunity and motive to litigate the issue, (3) a valid and final decision on the merits was entered, (4) resolution of the issue was essential to the decision, and (5) there is a common identity of the parties. *Garcia v. Gen. Motors Corp.*, 195 Ariz. 510, 514, ¶ 9, 990 P.2d 1069, 1073 (App. 1999).

**¶17** The equitable remedy is inapplicable here. There was no prior litigation between the parties to this malpractice lawsuit that resolved any issue, much less any ruling that Handrahan's claim had some value. Consequently, he is not entitled to rely on the doctrine in lieu of presenting admissible evidence.

## III. Denial of Motion for Additional Discovery

**¶18** Finally, Handrahan argues the court abused its discretion by denying his motion for additional discovery under Arizona Rule of Civil Procedure ("Rule") 56(f). We disagree.

**¶19** A party opposing summary judgment may seek additional discovery before responding to the motion for summary judgment. Ariz. R. Civ. P. 56(f). The party must file a motion with a supporting affidavit specifying "(1) the particular evidence beyond the party's control; (2) the location of the evidence; (3) what the party believes the evidence will reveal; (4) the methods to be used to obtain it; and (5) an estimate of the amount of time the additional discovery will require." *Lewis v. Oliver*, 178 Ariz. 330, 338, 873 P.2d 668, 676 (App. 1993) (citation omitted). We review a ruling on a Rule 56(f) motion for an abuse of discretion. *Id.* (citation omitted).

**¶20** Handrahan did not file his Rule 56(f) motion until after summary judgment had been granted. Although he had filed a Rule 56(f) motion in response to the Defendants' earlier unsuccessful motions, he did not seek discovery before responding to the motion and the ruling, which he now challenges. Consequently, because his request was untimely and did not include the required affidavit, the trial court did not abuse its discretion by denying Handrahan's post-ruling discovery motion.

## CONCLUSION

¶21        For the foregoing reasons, we affirm the judgment.



Ruth A. Willingham · Clerk of the Court
FILED: ama